[Civ. No. 21035. Fourth Dist., Div. Two. Nov. 14, 1979.]

LEON BAHAN, Plaintiff and Appellant, v.
MORTON KURLAND, Defendant and Respondent.

## COUNSEL

Peter I. Bersin and Asher Levin for Plaintiff and Appellant.

MacDonald, Pulaski, Harlan & Coppo, Michael Huff and Carlo Coppo for Defendant and Respondent.

## OPINION

**KAUFMAN, Acting P. J.**—Plaintiff Leon Bahan appeals from a summary judgment entered in favor of defendant Dr. Morton Kurland.

On May 5, 1978, plaintiff instituted this action for damages against Dr. Morton Kurland and the State of California alleging three purported causes of action (intentional infliction of emotional distress; negligent infliction of emotional distress; and medical malpractice). The gravamen of the verified complaint was that plaintiff, while receiving psychiatric treatment at the Desert Hospital Mental Health Clinic in Palm Springs, was solicited by defendant, who was the chief psychiatrist at the clinic and plaintiff's treating physician, to burglarize the office of Dr. James O'Connor and to murder Dr. O'Connor in exchange for a sum of money and a free supply of controlled substances. It was alleged in the complaint that in soliciting plaintiff to commit these crimes, defendant acted "upon his own initiative." However, it was also alleged that the Desert Hospital Mental Health Clinic was an agency of the State of California and that "[a]t all relevant times herein mentioned, [Dr. Kurland] was, and is, an employee of the Desert [Hospital] Mental Health Clinic and the STATE OF CALIFORNIA, and, as such, dur-

ing all relevant times herein, acting within the purpose and scope of said agency and employment."

Although plaintiff served an appropriate claim on the State of California pursuant to the Tort Claims Act, it turned out that the Desert Hospital Mental Health Clinic was in fact a part of a local district, the Desert Hospital District, and plaintiff did not present a timely claim to the district.

Accordingly, on October 18, 1978, defendant Dr. Kurland noticed a motion for summary judgment on the ground that, inasmuch as plaintiff had failed to present the requisite claim to the district, any recovery against defendant Kurland was precluded by Government Code section 950.2 which reads in pertinent part: "Except as provided in Section 950.4, a cause of action against a public employee. . .for injury resulting from an act or omission in the scope of his employment as a public employee is barred if an action against the employing public entity for such injury is barred under [the Tort Claims Act]."

In opposition to the motion for summary judgment plaintiff filed a declaration by his attorney in which it was asserted that there was a triable issue of fact as to whether or not the acts of solicitation by Dr. Kurland were within the course and scope of his employment. The court was requested to take judicial notice of a judgment of the superior court by which Dr. Kurland was convicted of the crime of soliciting plaintiff to burglarize the office of Dr. O'Connor. Also filed was a declaration by plaintiff stating some of the facts of the alleged solicitations including the fact that some of them occurred outside the hospital. Plaintiff's declaration then averred: "At no time during any of my meetings with DR. MORTON KURLAND wherein we discussed the murder of Dr. O'Connor or the burglary of his office, did DR. KURLAND indicate that his acts of solicitation were part of my treatment or therapy at the Desert Hospital Mental Health Clinic. None of the above acts of solicitation or meetings regarding the murder of Dr. O'Connor were recorded in any of my medical charts or records kept at the Desert Hospital Mental Health Clinic." Plaintiff also averred that "all of the statements . . .made are of my own personal knowledge."

The sole question on appeal is whether there is a triable issue of fact as to whether or not defendant Kurland was acting in the scope of his employment as a public employee when he allegedly solicited plaintiff to murder Dr. O'Connor and burglarize his office. Ordinarily the

answer would be obviously "Yes." "For the purpose of the claim statute, a public employee is acting in the course and scope of his employment 'when he is engaged in work he was employed to perform or when the act is an incident to his duty and was performed for the benefit of his employer and not to serve his own purposes or conveniences.' [Citations.] . . . If the object or end to be accomplished is within the employee's express or implied authority his act is deemed to be within the scope of his employment irrespective of its wrongful nature." (*Neal* v. *Gatlin,* 35 Cal.App.3d 871, 875 [111 Cal.Rptr. 117].) On the face of it, the solicitation of burglary and murder by a psychiatrist employed at a mental health clinic operated by a public agency would not normally be considered incident to his duty and would in all probability be to serve his own purposes. Neither the solicitation of murder nor burglary would normally be within the express or implied authority of a psychiatrist employed to treat patients at a mental health clinic operated by a public agency. The very nature of the acts said to have been committed raises a question of fact as to whether the acts were committed in the scope of defendant's employment.

On appeal from a summary judgment, the foregoing conclusion would be dispositive were it not for the fact that in his verified complaint plaintiff alleged that at all pertinent times defendant was acting within the scope of his employment. In substance this allegation was admitted by defendant in his answer. Defendant, of course, asserts that in a motion for summary judgment, a party may rely upon admissions in the pleadings of the adverse party. (See, e.g., *Arauz* v. *Gerhardt,* 68 Cal.App.3d 937, 941 [137 Cal.Rptr. 619].)

The rule relied on, however, finds its most appropriate application where the admitted fact is an evidentiary fact. While an allegation that a party acted within the scope of his employment is generally considered a sufficient allegation of ultimate fact to withstand a demurrer, it is at best an allegation of a mixed factual-legal conclusion drawn by the pleader from underlying facts. ■ When the underlying facts pleaded and averred in declarations in opposition to a motion for summary judgment belie the pleaded conclusion, and indicate the existence of an important fact question, the mistaken conclusion on the part of a pleader should not preclude a trial of the issue on its merits.

Particularly is this so when the action has been only recently instituted so that an amendment of the pleadings to correct the mistaken

conclusion would likely be permitted by the court upon proper application.[1]

■ Whether defendant's conduct was within the scope of his employment constitutes a triable issue of fact. Accordingly, the summary judgment is reversed.

McDaniel, J., and Morris, J., concurred.

---

[1]After the remittitur has issued restoring the superior court to jurisdiction, plaintiff would be well advised to seek leave to amend the complaint in this regard.