[No. B001498. Second Dist., Div. Four. June 15, 1984.]

JOHN CUSENZA et al., Plaintiffs and Appellants, v.
CONSTRUCTION DESIGN AND CONSULTING, INC., et al.,
Defendants and Respondents.

COUNSEL

J. Thomas Ashforth and Thomas L. Hooker for Plaintiffs and Appellants.

Darryl O. Dickey for Defendants and Respondents.

OPINION

KINGSLEY, J.—Plaintiffs contracted with a firm of architects and a contracting firm for the construction of a building. The building was completed

and, on January 3, 1978, plaintiffs discovered serious defects therein. There arose a dispute as to whether the defects were the result of improper planning by the architects or were the result of improper work by the contractor. Plaintiffs had contracted with the architects and with the contractor in separate contracts both of which contain arbitration clauses. However, the arbitration clause in the architect contract expressly provided that any arbitration could be between the owners and the architects only and specifically barred a three-party arbitration except by express subsequent agreement. The contract with the contractor contained no such limiting provision. Plaintiff served a demand for arbitration on both the architect and the contractor jointly. The architect procured from the superior court a writ prohibiting a joint arbitration hearing. Although the writ was ordered issued, it was not served on the arbitrator for one and one-half years. Plaintiffs then asked the arbitrator to sever the hearings and to proceed first on the owner-architect arbitration. The arbitrator refused to sever, ruling that the writ prohibited him from taking any action at all unless and until one of the parties was dismissed. Plaintiffs made no attempt to challenge that ruling, but dismissed the arbitration as against the contractor. The owner-architect hearing then proceeded, resulting in an award in favor of the architect.

Faced with the possible running of the statute of limitations as between the owners and the contractor, plaintiffs filed the present action against the contractor, but withheld service of that complaint until after the award in favor of the architect had been entered. ■ On service of this complaint, the contractor demurred, raising the issue that, under the contract, arbitration was a condition precedent to any civil action. The contractor expressly disavowed demanding arbitration. The demurrer was sustained, the civil action was dismissed and this appeal followed. We affirm.

■ In *Charles J. Rounds Co.* v. *Joint Council of Teamsters No. 42* (1971) 4 Cal.3d 888 [95 Cal.Rptr. 53, 484 P.2d 1397], the Supreme Court said (at page 899): "Specifically, where the only issue litigated is covered by the arbitration clause, and where plaintiff has not first pursued or attempted to pursue his arbitration remedy, it should be held that (1) plaintiff has impliedly waived his right to arbitrate, such that defendant could elect to submit the matter to the jurisdiction of the court; (2) defendant may also elect to demur or move for summary judgment on the ground that the plaintiff has failed to exhaust arbitration remedies; and (3) defendant may also elect to move for a stay of proceedings pending arbitration if defendant also moves to compel arbitration. Plaintiff may of course sue preliminarily to enforce its arbitration rights." That holding controls this case, and the judgment must be affirmed.

We point out that plaintiffs are in the present situation because they totally failed to pursue remedies available to them: (1) They could, when the arbitrator refused to sever, have sought relief from the superior court on whose writ the arbitrator relied, securing clarification; and (2) having dismissed the proceedings before the arbitrator as against the contractor, they could have made a new demand solely against the contractor, thus securing the severance they desired. They did neither. They cannot now complain of their own neglect.

The judgment is affirmed.

Woods, P. J., and McClosky, J., concurred.