[No. A079501. First Dist., Div. Three. Sept. 28, 1998.]

24 HOUR FITNESS, INC., et al., Petitioners, v.
THE SUPERIOR COURT OF SONOMA COUNTY, Respondent;
SIERRA MUNSHAW, Real Party in Interest.

[No. A079502. First Dist., Div. Three. Sept. 28, 1998.]

CHAD HAMILTON et al., Petitioners, v.
THE SUPERIOR COURT OF SONOMA COUNTY, Respondent;
SIERRA MUNSHAW, Real Party in Interest.

COUNSEL

Littler Mendelson, Henry D. Lederman and Kerin M. Guetersloh for Petitioners in No. A079501.

Merrill, Arnone & Handelman, Michael P. Merrill and Jacqueline M. Moreira for Petitioners in No. A079502.

No appearance for Respondent.

Joseph John Turri and Hugh N. Helm III for Real Party in Interest.

OPINION

**CORRIGAN, J.**—The case revolves around an issue of first impression: May a plaintiff who sues multiple defendants avoid summary judgment against *all* by establishing that at least *some* defendants do not have a right to compel arbitration? She may not.

Sierra Munshaw sued her former employer, 24 Hour Fitness, Inc., doing business as 24 Hour Nautilus (Nautilus), and various Nautilus employees, for causes of action arising from alleged sexual harassment in the workplace. The defendants sought summary judgment on the ground that Munshaw had agreed with Nautilus to arbitrate all claims. The trial court found triable issues existed concerning whether all Munshaw's claims were subject to the arbitration agreement. Summary judgment was denied as to all defendants. We conclude summary judgment may be granted in favor of those defendants whose claims are subject to mandatory arbitration. We further reject claims that arbitration agreement with Nautilus was unconscionable, illusory and lacking in mutuality.

BACKGROUND

I. *The Agreement to Arbitrate*

When she was hired, Munshaw signed a document[1] that provided in pertinent part: "I also read and specifically agree that if there is any dispute arising out of my employment as described in the section called 'Arbitration of Disputes' in the handbook, I will submit it exclusively to binding and final arbitration according to the procedures outlined in the 'Employment Arbitration Procedures Manual.'"

According to the "Arbitration of Disputes" section in the personnel hand-book: "*If any dispute arises from your employment* with Nautilus, you and Nautilus agree that you both will submit it exclusively to final and binding arbitration. Except for workers' compensation and unemployment insurance claims and matters heard by the labor commissioner, *the dispute includes every kind or type of dispute including, without limitation, any allegation of wrongful discharge, discrimination, or any injury to your physical, mental or economic interests.* This means that a neutral arbitrator, rather than a court or jury, will decide the dispute.

"We agree to settle the dispute according to the provisions of the California Code of Civil Procedure, starting at § 1280, or successor or replacement statutes. To start the arbitration process, either party must submit a written arbitration request to the other, within one (1) year of the date the dispute first arose or within one (1) year of the termination of your employment, whichever occurs first. . . .

"The details of the arbitration procedure are in a separate document called the 'Employment Arbitration Procedure Manual,' which Nautilus incorporates into this Personnel Handbook by reference as if it were fully repeated here." (Italics added, underscore in original, subheadings omitted.)

II. *The Litigation*

Munshaw complained that harassment by Nautilus employees rendered her work environment so intolerable that she was constructively discharged on July 3, 1995. She did not invoke arbitration and instead filed this action. The complaint alleged Munshaw had been sexually harassed by Nautilus employees Chad Hamilton, Curtis Harmon, Bill Cunningham and others, and that she had complained repeatedly to the offending individuals, to her

---

[1]The document was entitled "Certificate Of Acknowledgment Of Receipt & Reading The Personnel Handbook."

immediate supervisors and to defendant Joe Rodriguez.[2] She further alleged that these employees were acting within the scope of their managerial authority, with the consent and permission of Nautilus. Her complaint alleged sexual harassment;[3] assault and battery; denial of the right to be free from violence or intimidation because of sex;[4] and negligent and intentional infliction of emotional distress.

During prefiling discussions, Nautilus advised Munshaw's attorneys several times that her claims were subject to the arbitration agreement. Munshaw maintained that the arbitration clause was unenforceable. In a letter sent to Nautilus's counsel after filing the complaint, Munshaw's attorney expressly repudiated the arbitration agreement: "plaintiffs [*sic*] are knowingly waiving their right to arbitrate, and are not reversing their position."

Nautilus and Rodriguez subsequently moved for summary judgment or summary adjudication, arguing Munshaw's claims were covered by her agreement to arbitrate. Cunningham, Hamilton and Harmon sought similar relief on the same basis. Munshaw raised three arguments in opposition. First, she asserted, there was no valid contract to arbitrate because the agreement was unconscionable, illusory, and without mutual assent. Second, she claimed that the existence of assertedly nonarbitrable claims against individual employees barred any defendant, including Nautilus, from raising the arbitration agreement defensively on summary judgment. Finally, she contended her cause of action for civil rights violations was unrelated to her employment relationship and, thus, was beyond the scope of the arbitration agreement.

## III. *The Trial Court's Ruling*

The trial court requested additional briefing on the propriety of enforcing the arbitration agreement through summary judgment rather than by motion to compel arbitration and stay the proceedings. Relying on *Badgley* v. *Van Upp* (1993) 20 Cal.App.4th 218 [24 Cal.Rptr.2d 406] (*Badgley*) and *Charles J. Rounds Co.* v. *Joint Council of Teamsters No. 42* (1971) 4 Cal.3d 888 [95 Cal.Rptr. 53, 484 P.2d 1397] (*Charles J. Rounds*), the court ruled summary judgment was unavailable to any defendant. "Here, there are multiple defendants named in the complaint including defendant 24 Hour. The complaint and answer raise the issue whether the individual defendants were employees of defendant Nautilus and acting within the scope of such employment.

---

[2]Although Rodriguez's position is not clear from the complaint, the factual allegations indicate he supervised the other employee defendants.

[3]Government Code section 12940 et seq. (Fair Employment and Housing Act (FEHA)).

[4]Civil Code sections 51.7, 52, subdivision (b).

It is evident therefore that there are issues raised by the complaint and answer that are not covered by the arbitration agreement nor susceptible to arbitration. [¶] Moving parties in both motions have not met their initial burden of showing that all issues in this litigation are covered by the arbitration agreement, or that all parties have signed and are bound by the agreement." The court did not reach Munshaw's contentions that the arbitration agreement was unenforceable and that her civil rights claim was nonarbitrable.

Nautilus and Rodriguez sought a peremptory writ of mandate compelling the court to grant summary judgment or adjudication or, alternatively, to issue an order adequately specifying the controverted material facts and conflicting evidence precluding summary judgment. Hamilton, Cunningham and Harmon also sought a writ compelling the trial court to grant summary judgment or adjudication. We consolidated the petitions and ordered Munshaw to show cause before this court why a peremptory writ of mandate should not issue. We now direct the trial court to vacate its order and grant summary judgment for all defendants but Hamilton.

## DISCUSSION

### I. *Nautilus Is Entitled to Summary Judgment if All Claims Against It Are Subject to the Arbitration Agreement*

■ On this issue of first impression, we conclude the presence of nonarbitrable claims against other defendants does not preclude summary judgment in favor of a defendant as to whom all claims are arbitrable.

As the trial court recognized, the analytic framework is provided by *Charles J. Rounds, supra,* 4 Cal.3d 888. There, the plaintiff employer sued the defendant union for breach of a "no-strike" clause in a collective bargaining agreement that included an arbitration clause. The defendant raised the arbitration agreement as an affirmative defense. The trial court dismissed the case, ruling the dispute was covered by the arbitration agreement and that the employer's failure to arbitrate barred the action. (*Id.* at p. 891.)

On appeal, the plaintiff argued that the appropriate remedy was not dismissal, but a stay of the proceedings pending arbitration. The Supreme Court disagreed. After reviewing the relevant authorities, it announced the following rule: "[W]here *the only issue litigated is covered by the arbitration clause,* and where plaintiff has not first pursued or attempted to pursue his arbitration remedy, it should be held that (1) plaintiff has impliedly waived

his right to arbitrate, such that defendant could elect to submit the matter to the jurisdiction of the court; (2) *defendant may also elect to demur or move for summary judgment on the ground that the plaintiff has failed to exhaust arbitration remedies*; and (3) defendant may also elect to move for a stay of proceedings pending arbitration if defendant also moves to compel arbitration." However, "Where plaintiff has attempted to exhaust its arbitration remedy *or raises issues not susceptible to arbitration or not covered by the arbitration agreement*, defendant may not merely assert failure to arbitrate an issue as an affirmative defense; a stay rather than dismissal of the suit is then proper." (*Charles J. Rounds, supra*, 4 Cal.3d at p. 899, italics added; see also *Cusenza* v. *Construction Design & Consulting, Inc.* (1984) 157 Cal.App.3d 201, 203-204 [203 Cal.Rptr. 605].) Because the only issue presented in *Charles J. Rounds* was covered by the arbitration agreement, it was not error to dismiss the suit.

This case presents a related but different question: whether a defendant as to whom *all* claims are arbitrable may be precluded from seeking summary judgment on that basis because the plaintiff has also raised nonarbitrable claims against *other* defendants. The parties have cited no cases on this precise point, and our research has disclosed none.[5] We conclude that the presence of nonarbitrable claims against some defendants should not defeat the right of others to seek summary judgment on the basis that all claims against them are subject to arbitration.

As a general observation, the summary judgment statute plainly contemplates circumstances in which one defendant is entitled to judgment even though others are not. "The motion for summary judgment *shall be granted* if all the papers submitted show that there is no triable issue as to any material fact and that *the moving party* is entitled to a judgment as a matter of law." (Code Civ. Proc., § 437c, subd. (c), italics added; see also § 437c, subds. (j) [pertaining to entry of separate judgment), (k)[concerning effects of summary judgment as to one of multiple defendants in personal injury case].)[6] The policy behind the summary judgment scheme "is to 'promote and protect the administration of justice, and to expedite litigation by the elimination of needless trials.' [Citation]." (*Lilienthal & Fowler* v. *Superior Court* (1993) 12 Cal.App.4th 1848, 1854 [16 Cal.Rptr.2d 458].) Permitting a defendant to seek summary judgment under the present circumstances would

---

[5]In *Charles J. Rounds, supra*, 4 Cal.3d 888, all of the claims against the sole defendant were subject to arbitration. In *Badgley, supra*, 20 Cal.App.4th at pages 221-222, a demurrer by a sole defendant was properly overruled because the complainant sought relief that was beyond the arbitrator's authority to grant. Accordingly, neither opinion addresses whether an arbitration agreement may be raised defensively on summary judgment if it applies to fewer than all claims, but to all of those raised against the moving party.

[6]Unless otherwise noted, all further statutory citations are to the Code of Civil Procedure.

thus be congruent with the statutory scheme and would serve its underlying policy.

We turn to considerations peculiar to cases involving contractual arbitration. In a case in which fewer than all of the claims against a given defendant are subject to an arbitration agreement, or in which part of the relief sought is beyond the arbitrator's power to grant, it makes sense to require the party seeking to enforce the arbitration agreement to stay the litigation while compelling arbitration. In such cases, this procedure preserves a forum for the plaintiff's nonarbitrable claims, while at the same time preventing the defendant from abusing the arbitration agreement to create undue delay. (See *Charles J. Rounds, supra*, 4 Cal.3d at pp. 896-897.)

This, however, is not such a case. Assuming arguendo that all of Munshaw's claims against Nautilus are subject to arbitration (see pt. II, *post*), nothing would remain to litigate against Nautilus following arbitration.[7] Hence, there seems to be no legitimate reason for keeping Nautilus in the court action.

We are also mindful of the potential repercussions of endorsing the trial court's interpretation of *Charles J. Rounds* and *Badgley*. In the instant case, the court's ruling would work an injustice by requiring Nautilus to compel arbitration despite Munshaw's unequivocal waiver of her right to arbitrate. More significantly, a rule that would preclude a defendant in Nautilus's position from seeking summary judgment because the plaintiff has also named defendants who are not subject to the arbitration agreement would seem likely to encourage spurious claims and frivolous litigation. Absent any compelling reasons in precedent or policy for doing so, we decline to endorse such a rule.

In summary, we discern no reason to preclude Nautilus from seeking summary judgment on the basis of the arbitration agreement. That Munshaw may have raised claims against *other* defendants beyond the scope of the agreement should not bar Nautilus from obtaining relief at this juncture.

II. *Munshaw's Claims Against Nautilus Are All Subject to the Arbitration Agreement*

■ The arbitration clause at issue is a broad one. With limited exceptions not pertinent here, it extends to "every kind or type of dispute" arising from Munshaw's employment, including "any allegation of wrongful discharge, discrimination, or any injury to [her] physical, mental or economic interests."

---

[7]The same holds true as for Munshaw's claims against the individual defendants to the extent they also fall within the scope of the agreement. (See pt. III., *post.*)

While Munshaw does not dispute that the majority of her allegations fall within this language, she contends that her civil rights claim (Civ. Code, §§ 51.7, subd. (a), 52 subd. (b))[8] is exempt because it "is based upon Plaintiff's individual statutorily guaranteed rights outside the scope of employment and is not related to the employment relationship." Not so. Munshaw's civil rights claim is based on the same factual allegations as the rest of her claims, all of which involve claimed episodes of harassment arising from her employment. While the existence of an employment relationship is not a necessary predicate of a civil rights claim under Civil Code section 51.7, all of Munshaw's claims arose from her employment and, thus, are covered by the arbitration agreement. Accordingly, the trial court erred in denying Nautilus's motion for summary judgment.[9]

### III. Munshaw Has Carried Her Burden Only as to Defendant Hamilton

■ The question remains whether the individual defendants are similarly entitled to summary judgment on the strength of the arbitration clause. While these defendants are not parties to the contract between Munshaw and Nautilus, they are entitled to the benefit of the arbitration agreement if, as the complaint alleges, they were acting as agents for Nautilus. (*Dryer* v. *Los Angeles Rams* (1985) 40 Cal.3d 406, 418 [220 Cal.Rptr. 807, 709 P.2d 826]; *Berman* v. *Dean Witter & Co., Inc.* (1975) 44 Cal.App.3d 999, 1004 [119 Cal.Rptr. 130]; accord, *Harris* v. *Superior Court* (1986) 188 Cal.App.3d 475, 478 [233 Cal.Rptr. 186] ["It is well established that a nonsignatory beneficiary of an arbitration clause is entitled to require arbitration."].) Consistent with our analysis above, therefore, each employee defendant is entitled to summary judgment if, but only if, Munshaw's claims against him are entirely subject to the arbitration agreement.

In support of summary judgment, the employee defendants relied on the allegations in Munshaw's complaint that they were acting within the course

---

[8]Civil Code section 51.7, subdivision (a) provides: "All persons within the jurisdiction of this state have the right to be free from any violence, or intimidation by threat of violence, committed against their persons or property because of their race, color, religion, ancestry, national origin, political affiliation, sex, sexual orientation, age, disability, or position in a labor dispute, or because another person perceives them to have one or more of those characteristics. . . ." Under section 52, subdivision (b), a person who violates section 51.7 is liable for the victim's actual damages.

[9]We reject Munshaw's suggestion at oral argument that her FEHA claim is rendered nonarbitrable by *Duffield* v. *Robertson Stephens & Co.* (9th Cir. 1998) 144 F.3d 1182. *Duffield* holds that title VII claims (42 U.S.C. § 2000e et seq.) are not subject to arbitration agreements signed as a condition of employment, and that state FEHA claims are subject to the same limitations. (144 F.3d at p. 1187, fn. 3.) *Duffield* is not binding on this court, and its validity is undermined by contrary decisions in *Brookwood* v. *Bank of America* (1996) 45 Cal.App.4th 1667 [53 Cal.Rptr.2d 515] and *Spellman* v. *Securities, Annuities & Ins. Services, Inc.* (1992) 8 Cal.App.4th 452 [10 Cal.Rptr.2d 427], both of which hold that statutory discrimination claims under FEHA are arbitrable.

and scope of their employment at all relevant times. Although a party cannot rely on its own pleadings on summary judgment, a party seeking or opposing summary judgment under these circumstances can rely on admissions of material fact made in the *opposing* party's pleadings. (*Pinewood Investors* v. *City of Oxnard* (1982) 133 Cal.App.3d 1030, 1034-1035 [184 Cal.Rptr. 417]; Weil & Brown, Cal. Practice Guide: Civil Procedure Before Trial 2 (The Rutter Group 1998) ¶¶ 10:19 to 10:20, 10:204, pp. 10-6 to 10-7, 10-71 (hereafter Weil & Brown).)

The question arises whether allegations that a party was acting within the course and scope of his employment qualify, for summary judgment purposes, as admissions of fact rather than legal conclusions. At least one court has observed that such allegations are best characterized as mixed legal-factual conclusions. (*Bahan* v. *Kurland* (1979) 98 Cal.App.3d 808, 812 [159 Cal.Rptr. 661].) However, it is settled that, in the absence of countervailing evidence, declarations that a party acted within the scope of his employment are treated as statements of fact for purposes of summary judgment. (*Golden West Baseball Co.* v. *Talley* (1991) 232 Cal.App.3d 1294, 1305 [284 Cal.Rptr. 53]; Weil & Brown 2, *supra*, ¶ 10:128.1, p. 10-50; see also *Bahan* v. *Kurland, supra*, 98 Cal.App.3d 808, 812 [for purposes of summary judgment, admission in complaint that the defendant acted within the course and scope of his employment will not bind the plaintiff on summary judgment *if he proffers countervailing evidence in opposition to the summary judgment motion*].) Accordingly, the employee defendants met their initial burden of showing the existence of a complete defense to Munshaw's claims against them. (§ 437c, subd. (o)(2).)

The burden then shifted back to Munshaw to show that a triable issue of material fact indeed existed as to whether the arbitration agreement applied. (§ 437c, subd. (o)(2).)[10] With one exception discussed below, Munshaw rested her opposition to both summary judgment motions on an allegation in Nautilus's answer that any harassment was carried out by employees acting beyond the course and scope of their employment. Nautilus's allegation, however, is not an admission by the *individual defendants*. To the extent that Munshaw's opposition thus rests only upon pleadings, rather than evidence, it was insufficient to satisfy her burden. (See *College Hospital, Inc.* v.

---

[10]"A defendant . . . has met his or her burden of showing that a cause of action has no merit if that party has shown that . . . there is a complete defense to that cause of action. Once the defendant . . . has met that burden, the burden shifts to the plaintiff . . . to show that a triable issue of one or more material facts exists as to that cause of action or a defense thereto. The plaintiff . . . may not rely upon the mere allegations or denials of its pleadings to show that a triable issue of material fact exists but, instead, shall set forth the specific facts showing that a triable issue of material fact exists as to that cause of action or a defense thereto." (§ 437c, subd. (o)(2).)

*Superior Court* (1994) 8 Cal.4th 704, 720, fn. 7 [34 Cal.Rptr.2d 898, 882 P.2d 894].)

As to defendant Hamilton alone, Munshaw also rested her opposition on his admission in discovery that he made certain objectionable statements to plaintiff outside the scope of his employment. She therefore raised a triable issue of fact as to whether Hamilton could claim the benefit of her arbitration agreement with Nautilus. As to the remaining employee defendants, however, Munshaw has failed to demonstrate the existence of a triable issue of material fact regarding the application and effect of the arbitration agreement. (§ 437c, subd. (o)(2); *Arciniega v. Bank of San Bernardino* (1997) 52 Cal.App.4th 213, 231 [60 Cal.Rptr.2d 495].)

## IV. *Munshaw's Challenges to the Validity of the Arbitration Agreement Fail*

Munshaw alternatively urges us to affirm the trial court's ruling on grounds that the arbitration agreement is unconscionable, illusory and lacks mutuality. ■ "The determination of the validity of an arbitration clause, which may be made only 'upon such grounds as exist for the revocation of any contract' (Code Civ. Proc., § 1281), 'is solely a judicial function unless it turns upon the credibility of extrinsic evidence; accordingly, an appellate court is not bound by a trial court's construction of a contract based solely upon the terms of the instrument without the aid of evidence.' [Citation.] Thus, in cases such as this, in which extrinsic evidence was not presented, '[d]eterminations of arbitrability, like the interpretation of any contractual provision, are subject to *de novo* review.' [Citation.]" (*Stirlen v. Supercuts, Inc.* (1997) 51 Cal.App.4th 1519, 1527 [60 Cal.Rptr.2d 138], fns. omitted (hereafter *Stirlen*).) Although here the trial court did not reach Munshaw's arguments going to the validity of the arbitration clause, we note that these points were fully briefed and developed in the proceedings below. For purposes of judicial economy, therefore, we find it appropriate to address them here in the first instance. None withstand scrutiny.

### A. *Unconscionability*

■ Munshaw contends the arbitration agreement is unenforceable because it is unconscionable. We disagree.

■ In *Stirlen, supra,* 51 Cal.App.4th 1519, Division Two of this court recently examined the statutory and judicially developed criteria for determining whether an arbitration clause is unconscionable. Our colleagues explained that unconscionability has both a procedural and a substantive

element, both of which must be present to render a contract unenforceable. (*Id.* at pp. 1532-1533.) The procedural element focuses on the unequal bargaining positions and hidden terms common in the context of adhesion contracts. (*Id.* at p. 1532.) While courts have defined the substantive element in various ways, it traditionally involves contract terms that are so one-sided as to "shock the conscience," or that impose harsh or oppressive terms. (*Id.* at pp. 1532-1533.)

■ Munshaw's attempt to invalidate the arbitration clause for unconscionability rests primarily on the undisputed fact that it was presented to her as part of an adhesion contract, i.e., " ' "a standardized contract, which, imposed and drafted by the party of superior bargaining strength, relegates to the subscribing party only the opportunity to adhere to the contract or reject it." ' [Citation.]" (*Stirlen, supra,* 51 Cal.App.4th at p. 1533.) Even assuming the circumstances here amount to procedural unconscionability, Munshaw must still show the existence of a factual issue as to substantive unconscionability to defeat summary judgment. (*Ibid.*; § 437c, subd. (o)(2).) She has not done so. While she surmises it "would be impossible to contemplate" that she would have knowingly and voluntarily waived the right to a jury trial or other remedies available under FEHA, she cites no evidence in support of this contention which, we note, is less than self-evident.

Nor does she suggest any concrete reason why the terms of the agreement are unduly harsh, oppressive or one-sided. In *Stirlen,* the unconscionable arbitration clause relegated all employee claims to arbitration while allowing the employer to enforce its rights in court (51 Cal.App.4th at pp. 1536-1537); restricted the discovery available to employees, but not employer (*id.* at pp. 1537-1538); and unilaterally deprived employees, but not employer, of significant statutory and common law remedies (*id.* at p. 1539). Here, in contrast, the arbitration clause applies equally to employer and employee; allows both parties substantially the same array of discovery procedures available in civil actions; and does not create an imbalance in remedies potentially available to either side. In short, Munshaw has failed to show the existence of any triable issue of substantive unconscionability.

## B. *Mutuality and Illusoriness*

■ Munshaw asserts the arbitration clause is illusory and fatally lacking in mutuality because the agreement she signed allowed Nautilus to modify any provision in its personnel handbook unilaterally. In full, that clause provides: "Finally, I acknowledge that Nautilus reserves the right to change any provision in this Handbook at any time for any reason without advance notice. Though Nautilus can make changes, I understand that nothing in this

Handbook can be modified or deleted, nor anything added, in any way by oral statement or practice. Only the President of Nautilus can change this Handbook and the change must be in writing. If Nautilus makes any material changes, it will give me a copy of them." This clause, she contends, renders the arbitration agreement illusory on its face and lacking consideration.[11] Again, we disagree.

*James G. Freeman & Associates, Inc.* v. *Tanner* (1976) 56 Cal.App.3d 1, 8, 10 [128 Cal.Rptr. 109] is instructive. The contract there permitted one party to amend the terms at will upon thirty days' written notice. The court squarely rejected the notion that this power rendered the contract illusory: " '[W]here the contract specifies performance the fact that one party reserves the power to vary it is not fatal if the exercise of the power is subject to prescribed or implied limitations such as the duty to exercise it in good faith and in accordance with fair dealings.' " (*Id.* at p. 10; see also *Automatic Vending Co.* v. *Wisdom* (1960) 182 Cal.App.2d 354, 357-358 [6 Cal.Rptr. 31]; *Powell* v. *Central Cal. Fed. Sav. & Loan Assn.* (1976) 59 Cal.App.3d 540, 549 [130 Cal.Rptr. 635]; 1 Witkin, Summary of Cal. Law (9th ed. 1987) Contracts, § 233, pp. 240-241.) Nautilus's discretionary power to modify the terms of the personnel handbook in writing notice indisputably carries with it the duty to exercise that right fairly and in good faith. (See *Automatic Vending Co.* v. *Wisdom, supra,* 182 Cal.App.2d at p. 358.) So construed, the modification provision does not render the contract illusory.

Munshaw next contends the arbitration is unenforceable because Nautilus's personnel handbook and its arbitration procedures manual contain conflicting provisions governing the allocation of arbitration costs. The personnel handbook provides that each party is to bear one-half of the arbitrator's fees and expenses; if, however, the employee wins, Nautilus will pay all of those costs. The employment arbitration procedures manual referenced in the personnel handbook, however, states simply that each party is responsible for one-half of the arbitrator's fees and costs. Pointing to this discrepancy, Munshaw argues there was no mutual assent and, hence, no enforceable agreement to arbitrate. The argument is unpersuasive.

We view the cited clauses in light of the standard rules of contract interpretation. "An interpretation which gives effect is preferred to one which makes void." (Civ. Code, § 3541.) If it may be done without violating the parties' intent, we must interpret the contract in such a way as to make it "lawful, operative, definite, reasonable, and capable of being carried into effect." (Civ. Code, § 1643). Particularly where the contract is one of

---

[11]She does not assert that Nautilus actually modified any provisions of the personnel handbook pursuant to this clause.

adhesion, ambiguity in the contract language not dispelled by application of other canons of construction is interpreted against the drafter. (Civ. Code, § 1654; *Neal* v. *State Farm Ins. Cos.* (1961) 188 Cal.App.2d 690, 695 [10 Cal.Rptr. 781].) Finally, because of the strong public policy in favor of arbitration, "courts will ' "indulge every intendment to give effect to such proceedings." ' [Citation.]" (*Moncharsh* v. *Heily & Blase* (1992) 3 Cal.4th 1, 9 [10 Cal.Rptr.2d 183, 832 P.2d 899].)

Application of these principles cures the apparent ambiguity. Construing the agreement to give it effect, we resolve the difference in provisions against Nautilus and in favor of the employees. Thus, if the employee loses, the arbitrator's fees and expenses are split in half. If the employee wins, Nautilus will pay the employee's portion. We find no fatal ambiguity.

Finally, Munshaw suggests her agreement to arbitrate is not binding because, although she signed the "Certificate Of Acknowledgment Of Receipt & Reading The Personnel Handbook," which explicitly refers to the handbook's section on arbitration, she never actually read the handbook. Her suggestion is unavailing. " 'Reasonable diligence requires the reading of a contract before signing it. A party cannot use his own lack of diligence to avoid an arbitration agreement.' " (*Brookwood* v. *Bank of America, supra,* 45 Cal.App.4th 1667, 1674.)

### SUMMARY AND DISPOSITION

Munshaw entered into a valid and enforceable agreement to arbitrate any disputes arising from her employment with Nautilus. The defendants established on summary judgment that all of Munshaw's claims, with the possible exception of those against defendant Hamilton, are subject to that agreement. The court ruled properly as to Hamilton but erred in denying summary judgment in favor of Nautilus, Rodriguez, Harmon and Cunningham.

The consolidated petitions for writ of mandate are denied as to defendant Hamilton. As to the remaining petitioners, let a peremptory writ of mandate issue directing respondent superior court to vacate its order of July 16, 1997, denying their motions for summary judgment and to enter a new order granting summary judgment as requested by Nautilus, Rodriguez, Harmon

and Cunningham.[12] Costs are awarded to Nautilus, Rodriguez, Harmon and Cunningham pursuant to rule 56.4 of the California Rules of Court. Munshaw and Hamilton are to bear their own costs.

Phelan, P. J., and Walker, J., concurred.

---

[12]Because these defendants established an affirmative defense to all of the claims against them, summary judgment, not summary adjudication, is the appropriate remedy. (See generally, Civil Procedure Before Trial 3d (Cont.Ed.Bar 1998) § 43.8, pp. 43-8.2 to 43.10.)

We recognize the result of our decision here is that Munshaw has no avenue for recourse against Nautilus, Rodriguez, Harmon or Cunningham. This consequence flows from her decision to repudiate the arbitration agreement.