Filed 12/19/22  Young v. Planet Health Fitness LLC CA1/5

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| LATAYA YOUNG,<br><br>        Plaintiff and Appellant,<br><br>v.<br><br>PLANET HEALTH FITNESS LLC,<br><br>        Defendant and Respondent. | A162514<br><br>(Alameda County<br> Super. Ct. No.<br> RG18931426) |

Lataya Young appeals from a judgment entered after the trial court granted respondent's summary judgment motion.  The trial court ruled that the express assumption of risk doctrine bars Young's complaint for damages she allegedly suffered when a weight fell off an exercise machine onto her foot.  On appeal, Young contends the liability waiver that she signed is unconscionable, the waiver did not preclude liability for gross negligence, and the court erred in excluding the declaration of Young's expert witness.  We will affirm the judgment.

### I.  FACTS AND PROCEDURAL HISTORY

#### A.  Young's Guest Status and Purported Waiver

In January 2016, Young's friend, Takya Keys, signed up online for a Planet Fitness membership that entitled her to use the facilities and to bring a guest.  Young signed up to become Keys's guest, at no cost to herself, around August or September 2016.

1

To become a guest, Young used a kiosk machine (a computer on a stand) provided by Planet Fitness for that purpose.  The screen on the kiosk machine prompted Young to enter her name and contact information, which she did.  According to a Planet Fitness manager, the "kiosk machine also requires that guests sign a document known as the 'Black Card Guest Waiver,'" and "[n]ew guests cannot use our facility without signing this document first."  When requested to do so, Young signed her name on a signature line on the screen of the kiosk machine.

The Black Card Guest Waiver, as it appears in a printout bearing Young's signature, reads as follows:  "I understand and expressly agree that my use of this Planet Fitness facility involves the risk of injury to me, whether caused by me or not.  I understand that these risks are inherent in physical activity and my use of the facilities, and can range from minor injuries to major injuries, including death.  In consideration of my participation in the activities and use of the facilities, exercise equipment, and services offered by Planet Fitness, *I understand and voluntarily accept full responsibility for the risk of injury or loss arising out of or related to my use of the facilities including, without limitation, exercise equipment, tanning, massage beds/chairs, and participation in PE@PF or other exercise programs or use of other services, equipment and/or programs offered to members.*  I further agree that Pla-Fit Franchise LLC, the owner(s) of this Planet Fitness, their respective affiliated companies, parents, subsidiaries and the officers, directors, shareholders, employees, managers, members, agents and independent contractors of each such entity ('Releasees') will not be liable for *any injury* including, without limitation, personal, bodily, or mental injury, disability, death, economic loss or any damage to me, my spouse or domestic partner, unborn child, heirs, or relatives *resulting from the negligent conduct*

*or omission of* Releasees, or anyone acting on their behalf, *whether related to exercise or not*. Accordingly, to the fullest extent permitted by law, I do hereby forever release, waive, and discharge Releasees from any and all claims, demands, injuries, damages, actions or causes of action related to my use of the facilities (collectively, 'Claims') against Releasees, or anyone acting on their behalf, and hereby agree to defend, indemnify and hold harmless Releasees from and against any such Claims. I further understand and acknowledge that none of the Releasees manufactures fitness or other equipment or products available in its facilities and therefore Releasees will not be held liable for defective equipment or products. [¶] I have read and agree to the terms and conditions above and I agree that my electronic signature below is intended to have the same force and effect as a manual signature."[1]

B. <u>Young's Use of the Facilities and Injury</u>

As Keys's guest, Young proceeded to use the Planet Fitness facility on 21 occasions, approximately one to two hours each visit. She used the treadmill each time, a stationary bicycle several times, and a water massager bed about six times. She also experimented with the facility's various "Ab" machines.

On December 21, 2016, Young was stretching in a room at Planet Fitness when Keys began using equipment known as an Ab Coaster. Although Keys read the instructions on the Ab Coaster before using it, she did not check if there were weights on it. Once she started using the Ab

---

[1] The waiver is not quoted in Young's opening brief. It is quoted inaccurately in the respondent's brief. We do our best to read the copy of the form that appears in the Appellant's Appendix.

3

Coaster, she realized there were weights attached because she could feel resistance as she swung back and forth.

While Keys was on the Ab Coaster, she and Young conversed and joked around until Young felt a pain in her foot. Keys continued to use the Ab Coaster while Young hopped in pain. Planet Fitness personnel were alerted and called an ambulance. A "10–15" pound weight was observed on the floor, and it was believed that the weight had come off the Ab Coaster and struck Young's foot.

### C. Young's Lawsuit

Young filed a complaint against Planet Fitness on December 7, 2018 and filed a first amended complaint in January 2019. She asserted two causes of action: premises liability, on the ground that the weight was insufficiently fastened to the Ab Coaster and Planet Fitness lacked adequate procedures to prevent injury; and products liability, on the ground that Planet Fitness was in the "chain of commerce" as to the equipment and component parts. Young did not allege that Planet Fitness had acted with gross negligence.

Planet Fitness filed a motion for summary judgment, contending there was no triable issue of material fact and Planet Fitness was entitled to judgment as a matter of law based on the doctrines of express assumption of the risk and inherent assumption of the risk. Planet Fitness presented evidence of the facts set forth *ante*, including an authenticated copy of the Black Club Guest Waiver with Young's signature.

Young opposed the summary judgment motion, arguing that the waiver was unconscionable because it was not "visible" when the kiosk prompted her, "without explanation, to sign a narrow space on a tiny screen, which did not contain simultaneously both the signature line and the offending language." Young also argued that the release language was placed in the

4

middle of the paragraph and was in "legalese." Further, Young claimed, Planet Fitness's "departure from what would have been a reasonable inspection and monitoring regime could be deemed reckless."

In support of her opposition to Planet Fitness's motion, Young submitted a declaration in which she averred: "I had no idea that the language on the kiosk machine, that I signed when that language was not on the screen, purported to allow the Defendant to injure people by Defendant's own wrongdoing without legal responsibility for doing so." Young also presented an excerpt from her deposition, in which she testified that the waiver form was not on the kiosk screen when she signed her name.

In addition, Young provided a declaration from Thomas Haney, Jr., a purported expert witness. Haney asserted he had a master's degree in kinesiology, expertise in fitness facility design and procedures, and other experience. Based on material he reviewed, he opined that a weight that was not secured to the machine (because the clip to hold it was "nowhere relevant") "flew off" the machine and hit Young's foot. He further asserted that, based on his education, training, and experience, "policies and procedures for a health and fitness facility need to include safety inspections and cleaning measures at predetermined practicable intervals with an inspection log for each time frame, typically 30–60 minutes," and the facility staff should "assess the weights."

Planet Fitness filed a reply brief and an objection to (and motion to exclude) Haney's declaration on the ground it consisted of improper opinions.

The court heard Planet Fitness's motion on January 8, 2021. By written order filed on January 24, 2021, the court granted the motion on the ground of express assumption of the risk and sustained Planet Fitness's objection to the entirety of Haney's declaration. The court did not reach the

5

issue of inherent assumption of the risk.  Judgment was entered, and this appeal followed.

## II.  <u>DISCUSSION</u>

In reviewing a grant of summary judgment, we conduct an independent review to determine whether there are triable issues of material fact and the moving party is entitled to judgment as a matter of law.  (Code Civ. Proc., § 437c, subd. (c); *Aguilar v. Atlantic Richfield Co.* (2001) 25 Cal.4th 826, 843.)  A defendant seeking summary judgment must show that the plaintiff cannot establish at least one element of the plaintiff's cause of action, or that there is a complete defense to the cause of action.  (Code Civ. Proc., § 437c, subd. (o)(2).)  The burden then shifts to the plaintiff to show a triable issue of material fact on that issue.  (See Code Civ. Proc., § 437c, subd. (p)(2); *Grebing v. 24 Hour Fitness USA, Inc.* (2015) 234 Cal.App.4th 631, 637 (*Grebing*); *Alex R. Thomas & Co. v. Mutual Service Casualty Ins. Co.* (2002) 98 Cal.App.4th 66, 72.)  We construe the moving party's evidence strictly, and the nonmoving party's evidence liberally, in determining whether there is a triable issue. (*Thomas*, at p. 72.)

### A.  <u>The Release Unambiguously Bars Young's Claims</u>

A written release of future liability reflects an express assumption of the risk by the plaintiff, thereby negating the defendant's duty of care. (*Eriksson v. Nunnink* (2015) 233 Cal.App.4th 708, 719 (*Eriksson*).)  It applies to any ordinary negligence of the defendant, so long as the act of negligence that resulted in the plaintiff's injury is reasonably related to the purpose for which the release was given.  (*Benedek v. PLC Santa Monica* (2002) 104 Cal.App.4th 1351, 1357–1358.)  Such releases in the context of recreational sports or exercise facilities are generally valid.  (*Grebing, supra,* 234 Cal.App.4th at p. 637.)  The release must be " ' "clear, unambiguous, and

6

explicit in expressing the intent of the subscribing parties." ' " (*Eriksson, supra*, 233 Cal.App.4th at p. 722, italics omitted.)

Here, the Black Card Guest Waiver was clear, unambiguous, and explicit in expressing the parties' intent that a guest was releasing specified entities and persons from liability for any injury resulting from their negligence. The waiver stated: "I further agree that *Pla-Fit Franchise LLC, the owner(s) of this Planet Fitness, their respective affiliated companies, parents, subsidiaries and the officers, directors, shareholders, employees, managers, members, agents and independent contractors of each such entity ("Releasees") will not be liable for any injury* including, without limitation, personal, bodily, or mental injury, disability, death, economic loss or any damage to me, my spouse or domestic partner, unborn child, heirs, or relatives *resulting from the negligent conduct or omission of Releasees, or anyone acting on their behalf*, whether *related to exercise or not*." (Italics added.)

The relevant language of the Black Card Guest Waiver mirrors the release upheld in *Grebing*, expressly releasing the owners of the fitness club from liability for injuries caused by the club's negligence. (*Grebing, supra*, 234 Cal.App.4th at p. 638.) Being struck on a foot by a weight falling off a piece of equipment used by a member is reasonably related to the purpose for the release, and causes of action for premises liability and products liability fall within the scope of the waiver. (*Benedek v. PLC Santa Monica, supra*, 104 Cal.App.4th at p. 1359; *Ontiveros v. 24 Hour Fitness U.S.A., Inc.* (2008) 169 Cal.App.4th 424, 434.) In short, the Black Card Guest Waiver covered Young's injuries and her claims against Planet Fitness.

B. <u>Unconscionability</u>

Young contends the waiver should not be enforced because it is unconscionable. This requires her to show procedural unconscionability and substantive unconscionability. (*Armendariz v. Foundation Health Psychcare Services, Inc.* (2000) 24 Cal.4th 83, 114 (*Armendariz*); *24 Hour Fitness, Inc. v. Superior Court* (1998) 66 Cal.App.4th 1199, 1212–1213 (*24 Hour Fitness*).) Both components must be present, although a greater showing of one will require less of a showing of the other. (*Armendariz, supra,* at p. 114.) Young did not show a triable issue as to either.

1. <u>Procedural Unconscionability</u>

Procedural unconscionability pertains to the making of the agreement; it focuses on the oppression that arises from unequal bargaining power and the surprise to the weaker party that results from hidden terms or the lack of informed choice. (*Dotson v. Amgen, Inc.* (2010) 181 Cal.App.4th 975, 980; see *Higgins v. Superior Court* (2006) 140 Cal.App.4th 1238, 1252 (*Higgins*) [referring to oppression and surprise, which is a function of the disappointed reasonable expectations of the weaker party]; *24 Hour Fitness, supra,* 66 Cal.App.4th at p. 1213 [referring to unequal bargaining positions and hidden terms].)[2]

Young contends the waiver was procedurally unconscionable for two reasons. First, she argues there "was no way [she] could have possibly known

---

[2] The Black Card Guest Waiver may be an adhesion contract, because it consists of a standardized form, imposed and drafted by a party of superior bargaining strength, leaving the guest with only the option of adhering to the contract or rejecting it. (See *24 Hour Fitness, supra,* 66 Cal.App.4th at p. 1213 [employment agreement].) However, additional indices of unconscionability must be found before the provision is deemed unenforceable. (*Armendariz, supra,* 24 Cal.4th at p. 113; *Higgins, supra,* 140 Cal.App.4th at p. 1248.)

that anything even in the general area of the asserted draconian waiver of highly valued legal rights was anywhere in the picture." In opposing summary judgment, she similarly argued that the waiver was not visible on the kiosk screen that asked for her signature. As she stated in her declaration: " I had no idea that *the language on the kiosk machine*, that I signed when that language was not on the screen, purported to allow the Defendant to injure people by Defendant's own wrongdoing without legal responsibility for doing so." (Italics added.)

Failing to see or read the waiver form, however, does not create a triable factual issue. "[T]he mere fact that a contract term is not read or understood by the non-drafting party . . . will not authorize a court to refuse to enforce a contract." (*A&M Produce Co. v. FMC Corp.* (1982) 135 Cal.App.3d 473, 486 (*A&M Produce*).) The evidence was that the kiosk requires a would-be guest to agree to the waiver before using the facilities, and Young does not dispute that she signed the kiosk or that her signature is on a printout of the waiver. She presents no evidence as to how the signed waiver could have been printed out with her confirmed signature on it, without the waiver being on the kiosk when she signed up to be a guest. Nor does she present any case law that the waiver is of no effect unless her signature and the waiver appeared on the same screen at the same time. Her failure to read or see the waiver does not make it unconscionable. [3]

---

[3]     To the extent Young's counsel arguably suggested at oral argument that the waiver language did not appear on the kiosk at all, as opposed to Young not seeing it when she signed, the argument was not clearly raised in the opening brief and is therefore waived. (*Tisher v. California Horse Racing Board* (1991) 231 Cal.App.3d 351, 361.) In any event, Young fails to establish a triable issue as to substantive unconscionability, as discussed *post*.

9

Next, Young contends the waiver is procedurally unconscionable because, even if she *had* "caught something of a glimpse" of the waiver, the "structure of the language of the lengthy paragraph" was "composed intentionally so as to mis-lead [sic] the reader into thinking that the waiver being discussed in the paragraph **Only** applies to what one would expect to waive when entering into [sic] gym where the point of the very activity one is entering into is to place one's body under a certain amount of stress in order to improve it by stretching and strengthening, to a large extent with the assistance of heavy weights, in which circumstances, humans are totally capable of injuring themselves all by themselves, without any wrongdoing on the part of the organization providing the convenience of access to the machines, **Instead** of what the other language buried in the paragraph actually does, i.e., to give Defendant the license to kill and/or injure you by its own legally prohibited wrongdoing, including wrongdoing that causes a machine to malfunction." (Bolding and underlining in original.)

The argument is unpersuasive. The language of the waiver clearly released Planet Fitness from liability for any injury arising from its negligent conduct or omission. The waiver consisted of just one paragraph, with no other contract terms on the page, so it plainly was not buried in an overly complex printed form. (See *McManus v. CIBC World Markets Corp.* (2003) 109 Cal.App.4th 76, 87.) The waiver was not procedurally unconscionable.

## 2. Substantive Unconscionability

Substantive unconscionability arises when a contract is so one-sided that it " 'shock[s] the conscience' " or it imposes harsh or oppressive terms. (*24 Hour Fitness, supra,* 66 Cal.App.4th at p. 1213.) Young argues that the waiver was substantively unconscionable because "no one in their right mind would agree to it."

10

Young provides no evidence that only people who are not "in their right mind" enter into such releases at fitness facilities. She provides no legal authority to support her position. She fails to explain how the waiver could be deemed one-sided when it results in Young gaining free and unlimited use of the Planet Fitness facility as Keys's guest, or why it is unreasonable for a fitness facility to require liability waivers in exchange for making available its premises, equipment, facilities, and services. Indeed, she fails to distinguish the many California decisions upholding similar waivers. (E.g., *Grebing, supra,* 234 Cal.App.4th at pp. 637–638 [release, which relieved fitness club from liability for injury resulting from negligence "whether related to exercise or not," covered the alleged failure to properly assemble or maintain the equipment] (underlining and bolding removed); *Benedek v. PLC Santa Monica, supra,* 104 Cal.App.4th at p. 1359 [release of all premises liability, in consideration for permission to enter health club, does not violate public policy and covered the plaintiff's injury from a falling television]; *Anderson v. Fitness International, LLC* (2016) 4 Cal.App.5th 867, 877 (*Anderson*) [undisputed that release was valid and a complete defense to the plaintiff's negligence cause of action against health club for injuries caused by fall in shower room]; *Ontiveros v. 24 Hour Fitness USA, Inc., supra,* 169 Cal.App.4th at p. 434 [release barred strict product liability claim because the dominant purpose of plaintiff's membership agreement was to make fitness services available].) There is no triable issue as to unconscionability.

C. <u>Gross Negligence</u>

A release of liability bars claims for ordinary negligence, but not gross negligence. (*City of Santa Barbara v. Superior Court* (2007) 41 Cal.4th 747, 750 (*Santa Barbara*).) Young's briefing can be read to argue that there was a

11

triable issue of material fact as to whether Planet Fitness acted with gross negligence. Such an argument is unfounded.

" 'Gross negligence' " is a " ' " 'want of even scant care' " ' " or " ' " 'an extreme departure from the ordinary standard of conduct.' " ' " (*Santa Barbara, supra*, 41 Cal.4th at p. 754; *Chavez v. 24 Hour Fitness USA, Inc.* (2015) 238 Cal.App.4th 632, 640 [" ' "such a lack of care as may be presumed to indicate a passive and indifferent attitude toward results" ' "].) By contrast, ordinary negligence is "a failure to exercise the degree of care in a given situation that a reasonable person under similar circumstances would employ to protect others from harm." (*Santa Barbara, supra*, 41 Cal.4th at pp. 753–754; *Anderson, supra*, 4 Cal.App.5th at p. 881 [" ' "[M]ere nonfeasance, such as the failure to discover a dangerous condition or to perform a duty," ' amounts to ordinary negligence."].) Thus, while "[e]vidence of conduct that evinces an extreme departure from safety directions or an industry standard could demonstrate gross negligence," "conduct demonstrating the failure to guard against, or warn of, a dangerous condition typically does not rise to the level of gross negligence." (*Willhide-Michiulis v. Mammoth Mountain Ski Area, LLC* (2018) 25 Cal.App.5th 344, 365 (*Willhide-Michiulis*).)

Relying on Haney's assertion that safety inspections should be conducted every 30–60 minutes and staff should assess the weights, Young claims that Planet Fitness did not do enough to inspect the premises, including the weights under the Ab Coaster. The argument fails.

First, Haney's opinion, even if admissible (see *post*), did not establish an industry standard. He did not refer to any industry practice, regulation, statute, treatise, peer-reviewed paper, or even any specific aspect of his own experience, training, or education to support his opinion.

Second, Young did not establish a triable issue of material fact. Planet Fitness's manager averred that she conducts an inspection each morning and, to her knowledge, Planet Fitness employees perform 20-minute walk arounds in accord with Planet Fitness's operations manual. The only evidence Young submitted was that, on the occasions she and Keys happened to be there, they did not notice anyone monitoring or inspecting the equipment.

Moreover, any failure to conduct safety inspections, even if established, would not constitute gross negligence but mere nonfeasance—the failure to guard against, or warn of, dangerous conditions. (*Grebing, supra*, 234 Cal.App.4th at p. 639 [plaintiff failed to raise triable issue of gross negligence where an improper clip was attached to a "low row" machine and there was no evidence the fitness center had knowledge of it]; see *Willhide-Michiulis, supra*, 25 Cal.App.5th at pp. 362–365 [use of equipment without spotters or adequate warning did not demonstrate gross negligence]; *Anderson, supra,* 4 Cal.App.5th at pp. 878–883 [allegations that health club's shower floor was routinely covered with oily and soapy residue did not state gross negligence, because there was no extreme departure from expected conditions or safety standards, and the defendant did not actively increase the risk or conceal it].)

Young insists this case is controlled by *Zipusch v. LA Workout, Inc.* (2007) 155 Cal.App.4th 1281 (*Zipusch*). She says the court there found "gross negligence" where an injury incurred after an exerciser's foot stuck on a sticky substance on a treadmill, the facility had not inspected during the 85 minutes preceding the injury, and the inspection regime did not include the underside of the treadmill.

*Zipusch*, however, had nothing to do with *gross* negligence. The court found (1) an exculpatory clause was not worded so as to release the fitness club from its own negligence, (2) the alleged negligent inspection and

13

maintenance of equipment was not an inherent risk of a health club, and (3) the plaintiff raised a triable issue of fact as to whether the fitness club "*negligently* inspected and maintained its exercise equipment" by evidence that "no staff member inspected or cleaned the equipment." (*Zipusch, supra*, 155 Cal.App.4th at pp. 1290–1293, italics added.) *Zipusch* is inapposite.

The court did not err in granting summary judgment.

D.  Haney's Declaration

Young suggests the court erred in striking Haney's declaration.  Her argument is meritless.

The role of expert witness testimony is limited in the assumption of risk context.  (*Willhide-Michiulis, supra,* 25 Cal.App.5th at p. 354.)  The court decides whether an activity is an active sport, the inherent risks of that sport, and whether the defendant increased the risks of the activity beyond those inherent risks.  *(Ibid.)*  While the court may receive expert factual opinions to inform its decision, it may not receive expert evidence on the ultimate legal issues.  (*Ibid.*; *Towns v. Davidson* (2007) 147 Cal.App.4th 461, 473.)

Here, assuming Young did not waive her argument by failing to present it properly in her opening brief (see Cal. Rules of Court, rules 8.883(a)), she fails to show that the court erred or that any such error would be prejudicial.[4] Haney's declaration, including his view of how and why the accident occurred, is irrelevant:  the Black Card Guest Waiver barred all claims except any for gross negligence, and Haney's assertions would not establish gross

---

[4]     The traditional rule is that evidentiary rulings in summary judgment proceedings are reviewed for an abuse of discretion.  (*Serri v. Santa Clara University* (2014) 226 Cal.App.4th 830, 852.)  It is now an open question whether that remains the standard or whether the standard is de novo. (*Reid v. Google, Inc*. (2010) 50 Cal.4th 512, 535.)  Under either standard, we would uphold the trial court's ruling.

14

negligence as a matter of law.  Furthermore, his opinion about inspections was not supported by any industry standard or specific experience.  And to the extent he opined on the legality and enforceability of the waiver or the reasonableness and foreseeability of Young's and Keys's conduct under the law, his statements constituted impermissible legal opinions.  (*Towns, supra,* 147 Cal.App.4th at p. 473; *Willhide-Michiulis, supra,* 25 Cal.App.5th at p. 354.)

## III.  DISPOSITION

The judgment is affirmed.

_____

WISEMAN, J. [*]

We concur.

_____

SIMONS, Acting P. J.

_____

BURNS, J.

_Young v. Planet Health Fitness_ / A162514

_____

[*]     Retired Associate Justice of the Court of Appeal, Fifth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.