112 Cal.Rptr.2d 56 (2001)
92 Cal.App.4th 329
Alexander M. LITTLE, Plaintiff and Respondent,
v.
AUTO STIEGLER, INC., Defendant and Appellant.
No. B147003.
Court of Appeal, Second District, Division Five.
September 17, 2001.
Review Granted December 19, 2001.
*58 Fisher & Phillips, Irvine, Christopher C. Hoffman, San Diego, and Jeffrey R. Thurrell, for Defendant and Appellant.
Moskowitz, Brestoff, Winston & Blinderman, Nelson E. Brestoff and Dennis A. Winston, Los Angeles, for Plaintiff and Respondent.
Certified for Partial Publication[*]
*57 TURNER, P.J.

I. Introduction
Auto Stiegler, Inc. (defendant) appeals from an order denying its motion to compel arbitration of an action for tortious demotion and termination brought by Alexander M. Little (plaintiff). The trial court held the arbitration agreement was unconscionable and hence unenforceable under Armendariz v. Foundation Health Psychcare Services, Inc. (2000) 24 Cal.4th 83, 113-127, 99 Cal.Rptr.2d 745, 6 P.3d 669 (hereafter Armendariz). The complaint contains no statutory claims as was the case in Armendariz. Based on the language in Armendariz and the Supreme Court's discussion in Brennan v. Tremco Inc. (2001) 25 Cal.4th 310, 317, 105 Cal. Rptr.2d 790, 20 P.3d 1086, we conclude the arbitration clause is enforceable in a case involving no statutory claims and the order under review is reversed.

II. Background
Plaintiff signed three nearly identical arbitration agreements while employed by defendant. The most recent of the three stated as follows: "I agree that any claim, dispute, or controversy (including, but not limited to, any and all claims of discrimination and harassment) which would otherwise require or allow resort to any court or other governmental dispute resolution forum between myself and the Company (or its owners, directors, and officers, and parties affiliated with its employee benefit and health plans) arising from, related to, or having any relationship or connection whatsoever with my seeking employment with, employment by, or other association with, the Company, whether based on tort, contract, statutory, or equitable law, or otherwise, shall be submitted to and determined exclusively by binding arbitration under the Federal Arbitration Act, in conformity with the procedures of the California Arbitration Act (Cal.Code Civ. Proc. Sec 1280 et seq., including section 1283.05 and all of the act's other mandatory and permissive rights to discovery); provided, however, that: In addition to requirements imposed by law, any arbitrator herein shall be a retired California Superior Court Judge and shall be subject to disqualification on the same grounds as would apply to a judge of such court. To the extent applicable in civil actions in California courts, the following shall apply and be observed: all rules of pleading (including the right of demurrer), all rules of evidence, all rights to resolution of the dispute by means of motions for summary judgment, judgment on the pleadings, and judgment under Code of Civil Procedure section 631.8. Resolution of the dispute shall be based solely upon the law governing the claims and defenses pleaded, and the arbitrator may not invoke any basis other than such controlling law, including but not limited to, notions of `just cause.' *59 As reasonably required to allow full use and benefit of this agreement's modifications to the act's procedures, the arbitration shall extend the times set by the act for the giving of notices and setting of hearings. Awards exceeding $50,000.00 shall include the arbitrator's written reasoned opinion and, at either party's written request within 20 days after issuance of the award, shall be subject to reversal and remand, modification, or reduction following review of the record and arguments of the parties by a second arbitrator who shall, as far as practicable, proceed according to the law and procedures applicable to appellate review by the California Court of Appeal of a civil judgment following court trial. I understand by agreeing to this binding arbitration provision, both I and the Company give up our rights to trial by jury."
Plaintiff filed an action against defendant alleging he was demoted and subsequently terminated after he reported that certain employees were engaging in warranty fraud. Plaintiffs causes of action were for: tortious demotion in violation of public policy; tortious termination in violation of public policy; breach of an implied contract of continued employment; and breach of the implied covenant of good faith and fair dealing. In the first through third causes of action, plaintiff sought compensatory and punitive damages. In the fourth cause of action, plaintiff sought only contract breach damages. Plaintiff sought no relief under the Fair Employment and Housing Act (FEHA). (Gov.Code, § 12900 et seq.)
Defendant's initial motion to compel arbitration was granted. Following the Supreme Court's decision in Armendariz, the trial court, upon plaintiffs request for reconsideration, denied defendant's motion to compel arbitration. The trial court ruled: "The court believes that the arbitration clause in issue does not meet the standards set forth by the Supreme Court and it should not be enforced. The clauses of the arbitration agreement that do not comport with the requirements of the Armendariz [decision] include the clauses that: [¶] 1. Require the Plaintiff to share the costs; [¶] 2. Provide for no judicial review. The court deems this fatal, as judicial review of all decisions is not the same as limited review by another arbitrator of only certain awards; [¶] 3. Limit the remedies available to the complaintant [sic] [to] possibly exclude equitable as opposed to legal remedies, to which he might otherwise be entitled, [¶] 4. Lack of mutuality of remedy, in that this clause, unlike the one in Armendariz does not obviously bind the employer to likewise enforce its right in the arbitration forum." Defendant filed a timely notice of appeal.

Discussion

A. Standard of Review
The present case involves the application of the United States Arbitration Act. The arbitration agreement involves an employment contract in commerce and it explicitly indicates that it is to be "submitted to and determined exclusively by binding arbitration under the Federal Arbitration Act" subject to the procedures of the California Arbitration Act. (9 U.S.C. § 2; Circuit City Stores, Inc. v. Adams (2001) 532 U.S. 105, ___, 121 S.Ct. 1302, 1307, 149 L.Ed.2d 234.) As such, subject to defenses applicable in all contract disputes including that of unconscionability, the arbitration agreement must be enforced according to its terms. (Volt Information Sciences, Inc. v. Board of Trustees of the Leland Stanford Junior University (1989) 489 U.S. 468, 477-478, 109 S.Ct. 1248, 103 L.Ed.2d 488; Warren-Guthrie v. Health Net (2000) 84 Cal.App.4th 804, 813, 101 Cal.Rptr.2d 260.)
*60 When, as here, no extrinsic evidence has been introduced, the validity of an arbitration clause is a question of law. (24 Hour Fitness, Inc. v. Superior Court (1998) 66 Cal.App.4th 1199, 1212, 78 Cal. Rptr.2d 533; Stirlen v. Supercuts, Inc. (1997) 51 Cal.App.4th 1519, 1527, 60 Cal. Rptr.2d 138.) We are not bound by the trial court's construction of the agreement. (24 Hour Fitness, Inc. v. Superior Court, supra, 66 Cal.App.4th at p. 1212, 78 Cal. Rptr.2d 533; Stirlen v. Supercuts, Inc., supra, 51 Cal.App.4th at p. 1527, 60 Cal. Rptr.2d 138.) Our review is de novo. (24-Hour Fitness, Inc. v. Superior Court, supra, 66 Cal.App.4th at p. 1212, 78 Cal. Rptr.2d 533; Stirlen v. Supercuts, Inc., supra, 51 Cal.App.4th at p. 1527, 60 Cal. Rptr.2d 138.) Further, as the Court of Appeal explained in 2k Hour Fitness, Inc. v. Superior Court, supra, 66 Cal.App.4th at pages 1214-1215, 78 Cal.Rptr.2d 533: "We view the cited clauses in light of the standard rules of contract interpretation. `An interpretation which gives effect is preferred to one which makes void.' (Civ. Code, § 3541.) If it may be done without violating the parties' intent, we must interpret the contract in such a way as to make it `lawful, operative, definite, reasonable, and capable of being carried into effect.' (Civ.Code, § 1643.) Particularly where the contract is one of adhesion, ambiguity in the contract language not dispelled by application of other canons of construction is interpreted against the drafter. (Civ. Code, § 1654; Neal v. State Farm Ins. Cos. (1961) 188 Cal.App.2d 690, 695[, 10 Cal.Rptr. 781].) Finally, because of the strong public policy in favor of arbitration, `courts will "`indulge every intendment to give effect to such proceedings.'" [Citation.]' (Moncharsh v. Heily & Blase (1992) 3 Cal.4th 1, 9[, 10 Cal.Rptr.2d 183, 832 P.2d 899].)" As the Supreme Court held in Graham v. Scissor-Tail, Inc. (1981) 28 Cal.3d 807, 819, footnote 16, 171 Cal.Rptr. 604, 623 P.2d 165, an arbitration case: "The rule requiring the resolution of ambiguities against the drafting party `applies with peculiar force in the case of a contract of adhesion....' (Neal v. State Farm Ins. Cos., supra, 188 Cal.App.2d 690, 695[, 10 Cal.Rptr. 781].)"

B. Armendariz
In Armendariz, the Supreme Court held certain minimum requirements must be met in order for arbitration to be an adequate forum for the vindication of nonwaivable statutory rights under the FEHA. (Armendariz, supra, 24 Cal.4th at p. 100, 99 Cal.Rptr.2d 745, 6 P.3d 669.) The court found the Legislature had enacted the FEHA `"for a public reason.'" (Ibid.) The Supreme Court concluded that vindication of FEHA rights in arbitration requires "neutrality of the arbitrator, the provision of adequate discovery, a written decision that will permit a limited form of judicial review, and limitations on the costs of arbitration." (Id. at pp. 90-91, 99 Cal. Rptr.2d 745, 6 P.3d 669; Camargo v. California Portland Cement Co. (2001) 86 Cal. App.4th 995, 1019, fn. 8, 103 Cal.Rptr.2d 841.) After articulating these five implied elements of every agreement to arbitrate a FEHA claim, the Supreme Court went on to discuss unconsionability in general stating, "In the previous part of this opinion, we focused on the minimum requirements for the arbitration of unwaivable statutory claims. In this part, we will consider objections to arbitration that apply more generally to any type of arbitration imposed on the employee by the employer as a condition of employment, regardless of the type of claim being arbitrated. These objections fall under the rubric of `unconscionability.'" (Armendariz, supra, 24 Cal.4th at p. 113, 99 Cal.Rptr.2d 745, 6 P.3d 669.) We will first discuss the five minimum requirements under Armendariz *61 for an agreement to arbitrate a FEHA claim and their application to this case. We then turn to the question of unconscionability.

1. Five Minimum Requirements Under Armendariz
The five minimum requirements for arbitration of nonwaivable FEHA claims discussed in Armendariz are inapplicable here. Plaintiff has not alleged a FEHA cause of action or any other statutory claim. Therefore, unlike the Armendariz court, we are not concerned with vindication in arbitration of plaintiffs FEHA claims or any other nonwaivable statutory rights. No statutory claims are present in this case. Hence, the alleged absence of the five minimum requirements in Armendariz is not a ground for invalidating the arbitration clause in this case. (See Brennan v. Tremco Inc., supra, 25 Cal.4th at p. 317, 105 Cal.Rptr.2d 790, 20 P.3d 1086 ["Except for statutory claims, [citation], an arbitrator need not explain the basis of an award"].) Therefore, the purported absence of the five minimum Armendariz requirements is not a ground for invalidating the present arbitration clause.

2. Unconscionability Under Armendariz
The trial court found the present arbitration agreement was unenforceable because of a "[l]ack of mutuality of remedy[.]" The trial court concluded the agreement did not bind defendant to enforce its rights in arbitration. Armendariz held, "regardless of the type of claim being arbitrated," a contract of adhesion will not be enforced if it is unconscionable. (Armendariz, supra, 24 Cal.4th at p. 113, 99 Cal.Rptr.2d 745, 6 P.3d 669.) Moreover, an arbitration agreement is substantively unconscionable if it requires only the employee, but not the employer, to arbitrate claims. (Armendariz, supra, 24 Cal.4th at pp. 115-121, 99 Cal.Rptr.2d 745, 6 P.3d 669, accord Kinney v. United Health Care Services, Inc. (1999) 70 Cal. App.4th 1322, 1332, 83 Cal.Rptr.2d 348.) Absent a reasonable justification based on "`business realities'" such "lack of mutuality" is unconscionable. (Armendariz, supra, 24 Cal.4th at p. 117, 99 Cal.Rptr.2d 745, 6 P.3d 669; Stirlen v. Supercuts, Inc., supra, 51 Cal.App.4th at p. 1536, 60 Cal. Rptr.2d 138.) In the case of an agreement to arbitrate imposed by an employer on an employee, it is not enough that the employer agrees to be bound by arbitration of the employee's job-related disputes. (Armendariz, supra, 24 Cal.4th at p. 118, 99 Cal.Rptr.2d 745, 6 P.3d 669.)
The arbitration agreement at issue in Armendariz was limited in scope to employee claims regarding wrongful termination. (Armendariz, supra, 24 Cal.4th at p. 120, 99 Cal.Rptr.2d 745, 6 P.3d 669.) It stated: "`I agree as a condition of my employment, that in the event my employment is terminated, and I contend that such termination was wrongful or otherwise in violation of the conditions of employment or was in violation of any express or implied condition, term or covenant of employment, whether founded in fact or in law, including but not limited to the covenant of good faith and fair dealing, or otherwise in violation of any of my rights, I and Employer agree to submit any such matter to binding arbitration....'" (Id. at pp. 91-92, 99 Cal.Rptr.2d 745, 6 P.3d 669.) The Armendariz agreement did not expressly authorize the employer to litigate rather than arbitrate its claims against the employee. Nevertheless, this one-sided right to compel arbitration by the employer only, the Supreme Court concluded, was the "clear implication of the agreement." (Armendariz, supra, 24 Cal.4th at p. 120, 99 Cal.Rptr.2d 745, 6 P.3d 669.) The Supreme Court noted: "Obviously, the lack of mutuality can be manifested as much by *62 what the agreement does not provide as by what it does. [Citation.]" (Ibid.)
The present agreement is materially distinguishable from that in Armendariz. Here, the agreement states: "I agree that any claim, dispute, or controversy (including, but not limited to, any and all claims of discrimination and harassment) which would otherwise require or allow resort to any court or other governmental dispute resolution forum between myself and the Company (or its owners, directors, and officers, and parties affiliated with its employee benefit and health plans) arising from, related to, or having any relationship or connection whatsoever with my seeking employment with, employment by, or other association with, the Company, whether based on tort, contract, statutory, or equitable law, or otherwise, shall be submitted to and determined exclusively by binding arbitration.... I understand by agreeing to this binding arbitration provision, both I and the Company give up our rights to trial by jury." (Italics added.) Unlike the Armendariz contract, this agreement is not reasonably susceptible of a conclusion defendant is not bound to arbitrate its claims against plaintiff. It requires that "any claim, dispute, or controversy ... between myself and the Company ... arising from, related to, or having any relationship or connection whatsoever with my seeking employment with, employment by, or other association with, the Company" shall be arbitrated. It further specifies that both plaintiff and defendant "give up [their] rights to trial by jury." Under the plain terms of this agreement, both plaintiff and defendant are required to arbitrate any dispute having any relationship or connection between them. Finally, no damage limitation of any type appears in the agreement.
There is no merit to plaintiffs argument only he was bound by the arbitration clause. The agreement is on defendant's stationary. The arbitration agreement was given originally to plaintiff along with an employee handbook which stated, "We intend for this handbook to offer two-way communications: what you expect from us, and what we expect from you." An employee handbook may be utilized in construing the terms of an employment relationship. (Guz v. Bechtel National, Inc. (2000) 24 Cal.4th 317, 340, 100 Cal.Rptr.2d 352, 8 P.3d 1089 [employee handbook relevant in construing power to terminate at will]; Foley v. Interactive Data Corp. (1988) 47 Cal.3d 654, 681-682, 254 Cal.Rptr. 211, 765 P.2d 373 [employer personnel manual relevant to existence of implied terms of employment relationship]; Romo v. Y-3 Holdings, Inc. (2001) 87 Cal. App.4th 1153, 1159-1160, 105 Cal.Rptr.2d 208 [employee never agreed to be bound by arbitration agreement in severable portion of employee handbook]; Hill v. City of Long Beach (1995) 33 Cal.App.4th 1684, 1692, 40 Cal.Rptr.2d 125 [municipal employee's employment rights determined by reference to city charter, civil service rules, and employee handbook].) Further, any doubts as to whether defendant would be bound by the agreement it provided on its own stationary along with the employee handbook would be resolved in favor of arbitration. (Moncharsh v. Heily & Blase, supra, 3 Cal.4th at p. 9, 10 Cal.Rptr.2d 183, 832 P.2d 899; Christensen v. Dewor Developments (1983) 33 Cal.3d 778, 782, 191 Cal.Rptr. 8, 661 P.2d 1088.)

3. Costs of Arbitration
Plaintiff argues that the requirement that he pay a pro rata share of the costs of arbitration renders the agreement unconscionable. Because the arbitration clause is silent on the subject, Code of Civil Procedure section 1284.2 requires plaintiff to pay his pro rata share of the *63 arbitration.[1] Plaintiff presented no evidence to support this contention concerning the costs of arbitration. He presented no evidence of the costs of arbitration nor his alleged inability to pay such expenses. He presented no evidence to show that he would pay more to arbitrate than to undergo the costs of litigating in a courtroom. Under these circumstances, this case, one not involving a statutory claim, is best analogized to the decision of Green Tree Financial Corp.-Alabama v. Randolph (2000) 531 U.S. 79, 90-91, 121 S.Ct. 513, 148 L.Ed.2d 373, where the United States Supreme Court addressed an argument that the costs of arbitration arising in connection with a federal civil rights claim rendered the agreement unconscionable as follows: "It may well be that the existence of large arbitration costs could preclude a litigant such as Randolph from effectively vindicating her federal statutory rights in the arbitral forum. But the record does not show that Randolph will bear such costs if she goes to arbitration. Indeed, it contains hardly any information on the matter. As the Court of Appeals recognized, `We lack ... information about how claimants fare under Green Tree's arbitration clause.' [Randolph v. Green Tree Financial (11th Cir.1999) ] 178 F.3d [1149,] 1158. The record reveals only the arbitration agreement's silence on the subject, and that fact alone is plainly insufficient to render it unenforceable. The `risk' that Randolph will be saddled with prohibitive costs is too speculative to justify the invalidation of an arbitration agreement. [¶] To invalidate the agreement on that basis would undermine the `liberal federal policy favoring arbitration agreements.' [Citation.]" (Fn. omitted.) Green Tree Financial Corp. is a decision construing the United States Arbitration Act and as such is useful in construing California arbitration proceedings. (Engalla v. Permanente Medical Group, Inc. (1997) 15 Cal.4th 951, 971-972, 64 Cal.Rptr.2d 843, 938 P.2d 903 [United States Arbitration Act policies providing for presumption in favor of arbitrability and requirement that agreements to arbitrate be construed on basis of state law contract principles applied to health insurance agreement]; Rosenthal v. Great Western Fin. Securities Corp. (1996) 14 Cal.4th 394, 408, 58 Cal.Rptr.2d 875, 926 P.2d 1061["[I]t follows that a state procedural statute or rule that frustrated the effectuation of [9 U.S.C. § ] 2's central policy would, where the federal law applied, be preempted by the [United States Arbitration Act]"].) Based on this record, there is no merit to the argument that the statutory requirement that plaintiff pay his share of arbitration costs in connection with his non-statutory claims, which involve the entirety of his lawsuit, renders the agreement to arbitrate unconscionable in this case which is subject to the United States Arbitration Act.
Plaintiff argues that this case is controlled by Cole v. Burns International Security Services (D.C.Cir.1997) 105 F.3d 1465, 1483-1485, where the Court of Appeals for the District of Columbia Circuit held that an employee could not be required to pay the costs of arbitration of statutory claims. Because the arbitration clause in Cole was silent on the issue of cost allocation, the Court of Appeals construed the employment contract to require the employer to pay all of the arbitrators' *64 costs in a claim premised upon the employee's statutory claims. Cole did not invalidate the arbitration agreement. (Id. at pp. 1484-1485.)
In Armendariz, the California Supreme Court adopted the analysis of Cole and the majority of courts that have considered the issue in connection with an employee's statutory claims. (Armendariz v. Foundation Health Psychcare Services, Inc., supra, 24 Cal.4th at pp. 110-111, 99 Cal. Rptr.2d 745, 6 P.3d 669.) However, as noted previously, the present case involves no statutory claims. The Armendariz cost-shifting analysis applies solely in the context of statutory claims. Armendariz did not adopt a blanket rule that every predispute arbitration clause is invalidated as unconscionable when an employee asserts without any evidence an inability to pursue a dispute which contains no statutory claims. (See Brennan v. Tremco Inc., supra, 25 Cal.4th at p. 317, 105 Cal. Rptr.2d 790, 20 P.3d 1086 [Armendariz requirement that the arbitrator state reasons for the award in a FEHA case inapplicable when nonstatutory claims involved].)

It. Law to be Applied
Plaintiff argues that the following language renders the arbitration clause unenforceable: "Resolution of the dispute shall be based solely upon the law governing the claims and defenses pleaded, and the arbitrator may not invoke any basis other than such controlling law, including but not limited to, notions of `just cause.'" Plaintiff analogizes the language to the limitation of remedies analysis in Kinney v. United Healthcare Services, supra, 70 Cal.App.4th at p. 1332, 83 Cal.Rptr.2d 348 and Stirlen v. Supercuts, Inc., supra, 51 Cal.App.4th at pp. 1529-1530, 60 Cal. Rptr.2d 138. In Kinney, the arbitration agreement limited theories of recovery for the employee so as to prevent the recovery of certain types of contract damages as well as other compensatory and punitive relief. (Kinney v. United HealthCare Services, Inc., supra, 70 Cal.App.4th at p. 1332, 83 Cal.Rptr.2d 348.) In Stirlen, the arbitration clause limited the employee's remedies as follows: "`[T]he exclusive remedy for alleged violation of this Agreement ... shall be a money award not to exceed the amount of actual damages for breach of contract, less any proper offset for mitigation of such damages, and the parties shall not be entitled to any other remedy at law or in equity, including but not limited to other money damages, exemplary damages, specific performance, and/or injunctive relief.'" (Stirlen v. Supercuts, Inc., supra, 51 Cal.App.4th at p. 1529, 60 Cal.Rptr.2d 138.) In Armendariz, the Supreme Court noted that an agreement which does not even permit full recovery of ordinary contract damages by the employee while placing no restriction on recoverable compensation if a claim is brought by an employer is impermissibly one-sided. (Armendariz v. Foundation Health Psychcare Services, Inc., supra, 24 Cal.4th at pp. 120-121, 99 Cal.Rptr .2d 745, 6 P.3d 669.) No such limitations appear in the present agreement. It requires the arbitrator, a retired superior court judge, to follow the law.
Likewise without merit is plaintiffs contention that the contractual prohibition against using "just cause" principles in returning an award renders the agreement unconscionable. As noted previously, the arbitrator, a retired superior court judge, must apply the following legal standard in returning an award, "Resolution of the dispute shall be based solely upon the law governing the claims and defenses pleaded, and the arbitrator may not invoke any basis other than such controlling law, including but not limited to, notions of 'just cause.'" (Italics added.) The concept of *65 "just cause" appears repeatedly in cases construing collective bargaining agreements subject to the Labor Management Relations Act. (E.g. United Paperworkers Intern. Union v. Misco, Inc. (1987) 484 U.S. 29, 33, 39-40, 108 S.Ct. 364, 98 L.Ed.2d 286 [arbitrator could refuse to examine post termination evidence in making "just cause" determination under a collective bargaining agreement]; Gulf Coast Industrial Workers Union v. Exxon Co. (5th Cir.1993) 991 F.2d 244, 255-256 ["just cause" for a termination under a collective bargaining agreement must be evaluated in terms of the facts known to the employer at the time of termination]; Hill & Westhoff, No Song Unsung, No Wine UntastedEmployee Addictions, Dependencies, And Post-Discharge Rehabilitation: Another Look At The Victim Defense In Labor Arbitration (1999) 47 Drake L.J. 399, 413 ["`Just cause' is a term of art as employed in Collective Bargaining Agreements. Attendant upon that term are established concepts of industrial fairness and due process of both a substantive and procedural nature"]; Abrams & Nolan, Toward A Theory Of `Just Cause' In Employee Discipline Cases (1985) Duke L.J. 594 ["Collective bargaining agreements typically provide for arbitration of disputes concerning the interpretation or application of the contract. As a result, arbitrators are routinely required to apply the just cause standard in order to evaluate the propriety of disciplinary action"].) The present dispute does not involve the construction of a collective bargaining agreement. Hence, prohibiting the use of principles of just cause in returning an arbitration award is not unconscionable where no collective bargaining agreement is involved, the arbitrator, who must be a retired superior court judge, is to apply the applicable rules of law, and the employee retains all of her or his legal and equitable remedies.

5. Other Contentions[**]

IV. Disposition
The order denying the motion to compel arbitration of defendant, Auto Stiegler, Inc., is reversed. The matter is remanded with directions to order arbitration. Defendant, Auto Stiegler, Inc., is to recover its costs on appeal from plaintiff, Alexander M. Little.
We concur: ARMSTRONG and WILLHITE, JJ.[***]
NOTES
[*] Pursuant to rules 976 and 976.1, the opinion is certified for publication except for part III.B.5.
[1] Code of Civil Procedure section 1284.2 states, "Unless the arbitration agreement otherwise provides or the parties to the arbitration otherwise agree, each party to the arbitration shall pay his pro rata share of the expenses and fees of the neutral arbitrator. together with other expenses of the arbitration incurred or approved by the neutral arbitrator, not including counsel fees or witness fees or other expenses incurred by a party for his own benefit."
[**] See footnote *, ante.
[***] Judge of the Los Angeles County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.