Filed 9/9/14  Francis Capital Management v. Lane CA2/4

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| FRANCIS CAPITAL MANAGEMENT LLC, <br><br>     Plaintiff and Appellant, <br><br> v. <br><br> MARTIN KEITH LANE, JR., <br><br>     Defendant and Respondent. | B253559 <br><br> (Los Angeles County <br> Super. Ct. No. BS143051) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Mary Ann Murphy, Judge.  Reversed and remanded with instructions.

Seyfarth Shaw, David D. Kadue, Robert B. Milligan and Coby M. Turner for Plaintiff and Appellant.

Jeffer Mangels Butler & Mitchell and Travis Gemoets for Defendant and Respondent.

_____

# INTRODUCTION

The parties are before us for the second time. In the prior case, Francis Capital Management LLC (FCM) appealed from an order denying its motion to compel a former employee, respondent Martin Keith Lane, Jr. (Lane) to arbitrate his employment claims against FCM. We held that the trial court erred in finding the arbitration agreement unconscionable, and we determined that all but one of Lane's claims should be sent to arbitration. (See *Lane v. Francis Capital Management, LLC* (2014) 224 Cal.App.4th 676.) In the instant case, FCM appeals from an order denying its motion to compel Lane to arbitrate FCM's claims against him pursuant to the same arbitration agreement. FCM contends the trial court erred in determining (1) that the arbitration agreement was unenforceable, and (2) that arbitration between the parties may take place only before the American Arbitration Association (AAA), which had refused to administer the arbitration between the parties. For the reasons stated below, we conclude that FCM is entitled to arbitration of its claims against Lane. We decline to reach the second issue, as in light of our construction of the controlling agreement, we have no basis to assume the AAA will refuse to administer the arbitration. Accordingly, we reverse and remand for further proceedings.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

FCM is a California investment advisor that manages investments on behalf of individuals and businesses throughout the United States. FCM uses a proprietary valuation process to identify domestic and international securities for investment.

In January 2008, FCM hired Lane as an investment analyst. As a condition of his employment, on January 15, Lane executed two agreements: an arbitration agreement and a nondisclosure agreement (NDA) entitled "Employee Proprietary

Information Agreement." FCM executed the arbitration agreement the following day; the NDA did not require a signature from FCM.

A. *Arbitration Agreement*

In the two-page written arbitration agreement, the parties agreed that "all claims, disputes and controversies arising out of, relating to or in any way associated with [Lane's] employment by [FCM] or the termination of that employment shall be submitted to final and binding arbitration," except for worker's compensation and unemployment benefits claims and certain administrative claims. The parties further agreed to waive their rights to trial on "any such arbitrable claims or disputes." "Examples of such disputes or claims which must be resolved through arbitration, rather than a court proceeding, include, but are not limited to . . . contract claims . . . tort claims . . . or any other employment-related claim of any kind."

In addition, the parties agreed on arbitration costs and fees as follows:

> "Each party shall be solely responsible for paying its own costs for the arbitration including but not limited to its own attorney[] fees and expert witness fees. However, the fees of the arbitrator and all other costs that are unique to arbitration shall be paid by the Company. If either party prevails on a statutory claim which affords the prevailing party their attorney fees or where there is a written agreement providing for such fees, the arbitrator may award reasonable attorney[] fees to the prevailing party. The arbitrator shall have the authority to award any damages or remedies authorized by law, including, without limitation, costs and attorney[] fees."

The agreement also contained merger and severance provisions: "This Arbitration Agreement sets forth the entire agreement between the parties and fully supersedes any and all prior agreements or understandings between them pertaining to the subject matter of this Agreement. Should any provision or term or part of a provision or term, of this Agreement be declared or determined by any court or arbitrator to be illegal or invalid, the validity of the remaining parts,

3

provisions or terms shall not be affected thereby and said illegal or invalid part, provision or term shall not be deemed to be a part of this Agreement."

Finally, the parties agreed that the arbitration agreement "shall be governed by the laws of the State of California."

B.  *NDA*

In the three-page NDA, Lane agreed to restrictions on his use and disclosure of FCM's proprietary information.  The NDA also contained a choice of law provision (California law), a severance clause, and a merger clause.  Finally, it contained a clause entitled "Remedies":

> "I recognize that nothing in this Agreement is intended to limit any remedy of the Company under the California Uniform Trade Secrets Act.  I recognize that my violation of this Agreement could cause the Company irreparable harm, the amount of which may be extremely difficult to estimate, making any remedy at law or in damages inadequate.  Thus, I agree that the Company shall have the right to apply to any court of competent jurisdiction for an order restraining any breach or threatened breach of this Agreement and for any other relief the Company deems appropriate.  This right shall be in addition to any other remedy available to the Company.  I further agree that the prevailing party or parties in any proceeding in equity or at law commenced in respect of this Agreement [s]hall be entitled to recover from the other party or parties to such proceeding all reasonable fees, costs and expenses (including reasonable fees and disbursements of counsel) incurred in connection with such proceeding and any appeals therefrom."

C.  *FCM's Claims Against Lane*

After FCM dismissed Lane, it conducted a forensic investigation of his company-issued computer.  The investigation purportedly revealed that while employed with FCM, Lane had sent FCM's proprietary work product to prospective new employers, including Lane's current employer.  FCM demanded that Lane return the proprietary work product, but Lane refused.

4

On January 22, 2013, FCM filed its arbitration demand with the AAA. FCM alleged claims for breach of contract, breach of the duty of loyalty, conversion, possession of personal property, trespass to chattel, breach of confidence, and violation of various California statutes. FCM sought injunctive relief, restitution, damages and "reasonable attorneys' fees where authorized by statute and/or contract."

After receiving FCM's arbitration demand, the AAA announced that it was conditionally willing to arbitrate the parties' dispute. Citing Code of Civil Procedure section 1284.3,[1] the AAA stated that it was prohibited under California law from "administering disputes arising out of employer promulgated plans if the agreement requires that the employee party pay the fees and costs incurred by an opposing party if the employee does not prevail in the arbitration, including, but not limited to, the fees and costs of the arbitrator, provider organization, attorney, or witnesses." The AAA requested that both parties "waive the contractual requirement [in the NDA] that the employee pays the fees and costs of the opposing party if the employee does not prevail in the arbitration and agree to have the arbitration administered in accordance with California law."

Both FCM and Lane refused to execute the waiver.[2] As a result of the parties' refusal to waive the NDA fee provision, the AAA closed the arbitration

---

[1]      All further statutory references are to the Code of Civil Procedure, unless otherwise indicated.

[2]      In its refusal letter, FCM argued that the AAA's request for a dual waiver of the prevailing party fee provision in the NDA was unfounded and without legal support. FCM contended that section 1284.3 was inapplicable, as the arbitration was pursuant to the arbitration agreement, not the NDA. Moreover, according to FCM, the arbitration agreement and NDA could be harmonized to comply with California law, as the arbitration agreement controlled and it provided that the

file, and returned the paperwork and arbitration fee to FCM. Subsequently, FCM changed its mind about the AAA's requested waiver. On March 21, 2013, FCM's counsel notified Lane's counsel that FCM would be willing to agree to the AAA's waiver. FCM's counsel asked Lane's counsel if Lane also would consent to the waiver. He received no response.

D.    *FCM's Motion to Compel Arbitration*

On July 2, 2013, FCM moved, under section 1281.1 et seq. and the Federal Arbitration Act (FAA), title 9 of the United States Code section 1 et seq., for an order appointing an arbitrator and compelling Lane to arbitrate FCM's claims against him. In the motion, FCM alleged that the parties were signatories to a valid, binding arbitration agreement that encompassed FCM's claims, that Lane had refused to arbitrate the parties' controversy, and that the agreed upon method of appointing an arbitrator (the AAA) had failed. FCM argued that the AAA's dual waiver requirement, which effectively gave Lane an "unfettered veto" over any arbitration, had no basis in law, as only FCM was adversely affected by the waiver. FCM also argued that the arbitration agreement covered its claims against Lane, and that the agreement was legally enforceable. FCM observed that the arbitration agreement did not require Lane to pay unreasonable arbitral forum costs, as it provided that FCM would pay all of the expenses and fees of the arbitrator and all other costs unique to arbitration. Finally, FCM argued that

---

arbitrator has discretion to award fees to the prevailing party. FCM also contended that the severability clauses in the arbitration agreement and the NDA would permit the arbitrator to modify any language he or she believed impermissible under California law.

Lane's refusal was based on his argument that section 1284.3 prohibited arbitration of FCM's claims, as the NDA included a mandatory prevailing party fee provision.

should any provision be found unenforceable, the court should exercise its discretion to sever that provision and enforce the remaining provisions.

Lane opposed FCM's motion to compel arbitration. He argued that FCM's motion should be denied, as FCM was seeking to enforce the NDA, which contained a mandatory prevailing party fee provision in violation of section 1284.3 and noncompete provisions void against public policy. Lane further argued that FCM's claims could not be arbitrated, as the AAA had refused to accept the arbitration case and the superior court lacked authority to appoint a new arbitrator. He also requested the superior court stay the motion pending this court's determination of FCM's appeal of the prior order denying its motion to compel arbitration of his claims against FCM.

In its reply, FCM argued that it would be deprived of its right to arbitrate its claims against Lane without a court order appointing a new arbitrator. FCM observed that the AAA's dual waiver requirement gave Lane a veto over any AAA arbitration proceeding. It requested that the court issue an order directing Lane to commence arbitration and appointing AAA as the arbitrator.

On November 15, 2013, following a hearing, the trial court denied FCM's motion for an order compelling Lane to arbitrate FCM's claims and appointing an arbitrator. In its oral ruling, the court determined that the arbitration agreement was unconscionable and unenforceable. The court held that the FCM was attempting to arbitrate a claim under the NDA, and the NDA lacked mutuality as only the employer had a right to seek judicial relief for trade secrets claims. Second, the dispute could not be arbitrated under section 1284.3, as the arbitration agreement and the NDA contained a prevailing party fee provision. Finally, the arbitration agreement had elements of unconscionability such as the failure to attach the AAA arbitration rules. The court also denied FCM's motion on the basis

7

that the AAA had refused to administer the arbitration. The court held that it lacked authority to compel the AAA to arbitrate the case or to appoint another arbitrator.

Notice of entry of judgment was served December 12, 2013. FCM filed a timely appeal from the judgment.

## DISCUSSION

### A.     *Standard of Review*

Under section 1281.2, a party to an arbitration agreement may petition the trial court to order the parties to the agreement to arbitrate a dispute. The court shall order arbitration, unless it determines that the right to compel arbitration has been waived by petitioner, that grounds exist for rescission of the agreement, or that a party to the agreement is also a party to a pending court action or special proceeding with a third party.

The trial court may resolve motions to compel arbitration in summary proceedings, in which "[t]he petitioner bears the burden of proving the existence of a valid arbitration agreement by the preponderance of the evidence, and a party opposing the petition bears the burden of proving by a preponderance of the evidence any fact necessary to its defense. [Citation.] In these summary proceedings, the trial court sits as a trier of fact, weighing all the affidavits, declarations, and other documentary evidence, as well as oral testimony received at the court's discretion, to reach a final determination. [Citation.]" (*Engalla v. Permanente Medical Group, Inc*. (1997) 15 Cal.4th 951, 972.) "We will uphold the trial court's resolution of disputed facts if supported by substantial evidence. [Citation.] Where, however, there is no disputed extrinsic evidence considered by the trial court, we will review its arbitrability decision de novo." (*Nyulassy v.*

8

*Lockheed Martin Corp*. (2004) 120 Cal.App.4th 1267, 1277; *Giuliano v. Inland Empire Personnel, Inc*. (2007) 149 Cal.App.4th 1276, 1284 [same].)

       B.    *The Arbitration Agreement is Legally Enforceable*

On November 15, 2013, the trial court denied FCM's motion to compel arbitration and appoint an arbitrator. It determined that the arbitration agreement was unconscionable, as (1) there was a one-sided provision in the NDA that allowed the employer, but not the employee, to seek relief in a judicial forum for trade secrets claims, (2) the prevailing party fee provision in the arbitration agreement was contrary to California law, and (3) the arbitration agreement did not attach the AAA arbitration rules.

As to the last contention, the trial court lacked our guidance in *Lane v. Francis Capital Management*, *LLC, supra,* 224 Cal.App.4th 676, decided after the trial court entered judgment in the instant case. There, we concluded that the same arbitration agreement at issue here was not unconscionable, although it was a contract of adhesion, failed to attach a copy of the AAA arbitration rules, and contained no express provision for discovery rights. (*Id*. at pp. 689-693.) In this appeal, Lane does not challenge our prior determination. Accordingly, we address only the two remaining grounds relied upon by the trial court in finding the arbitration agreement unenforceable.

In determining whether a contractual provision renders an arbitration agreement unconscionable and unenforceable, we draw upon the following principles enunciated by our Supreme Court: "The party resisting arbitration bears the burden of proving unconscionability. [Citations.] Both procedural unconscionability and substantive unconscionability must be shown, but 'they need not be present in the same degree' and are evaluated on '"a sliding scale."' (*Armendariz* [*v. Foundation Health Psychcare Services, Inc*. (2000) 24 Cal.4th 83,

9

114 (*Armendariz*)].) '[T]he more substantively oppressive the contract term, the less evidence of procedural unconscionability is required to come to the conclusion that the term is unenforceable, and vice versa.' [Citation.]" (*Pinnacle Museum Tower Assn. v. Pinnacle Market Development (US), LLC* (2012) 55 Cal.4th 223, 247 (*Pinnacle*).) "[P]rocedural unconscionability requires oppression or surprise. '"Oppression occurs where a contract involves lack of negotiation and meaningful choice, surprise where the allegedly unconscionable provision is hidden within a prolix printed form."'" (*Ibid.*, quoting *Morris v. Redwood Empire Bancorp* (2005) 128 Cal.App.4th 1305, 1317.) "Substantive unconscionability pertains to the fairness of an agreement's actual terms and to assessments of whether they are overly harsh or one-sided. [Citations.] A contract term is not substantively unconscionable when it merely gives one side a greater benefit; rather, the term must be 'so one-sided as to "shock the conscience."'" (*Pinnacle*, at p. 246, quoting *24 Hour Fitness, Inc. v. Superior Court* (1998) 66 Cal.App.4th 1199, 1213.)

1.    *The Provision in the NDA that Only the Employer May Seek Judicial Relief for Trade Secrets Claims Did not Render the Arbitration Agreement Unenforceable*

In the NDA, Lane agreed that "the Company shall have the right to apply to any court of competent jurisdiction for an order restraining any breach or threatened breach of this Agreement and for any other relief the Company deems appropriate." The trial court found this provision precluded arbitration of FCM's claims against Lane, as only FCM was entitled to seek relief in a judicial forum for its trade secrets claims. (See *Armendariz*, *supra*, 24 Cal.4th at p. 117 ["[I]t is unfairly one-sided for an employer with superior bargaining power to impose arbitration on the employee as plaintiff but not to accept such limitations when it

10

seeks to prosecute a claim against the employee, without at least some reasonable justification for such one-sidedness based on 'business realities.'"].) We disagree.

FCM seeks arbitration of its claims against Lane pursuant to the arbitration agreement. It is not seeking judicial relief under the NDA. The arbitration agreement contains no provision allowing FCM to opt out of arbitrating its trade secrets claims against Lane. Rather, in the arbitration agreement, both FCM and Lane agreed that *all* claims arising out of Lane's employment with FCM would be arbitrated, except those for worker's compensation and unemployment benefits and certain administrative claims. There was no carve-out in the arbitration agreement for trade secrets claims. In addition, the arbitration agreement contains no limits on the remedies available in arbitration. It provides that the arbitrator may award any damages or remedies authorized by law. Thus, the arbitration agreement is not unreasonably one-sided in favor of FCM with respect to trade secrets claims. (Cf. *Stirlen v. Supercuts, Inc*. (1997) 51 Cal.App.4th 1519, 1524, 1528-1529 [affirming denial of motion to compel arbitration where arbitration agreement had carve-out for trade secrets claims and restricted remedies available in arbitration].)[3]

Lane contends the exclusive judicial relief provision in the NDA for FCM's trade secrets claims must be read into the arbitration agreement, and, therefore, the arbitration agreement is substantively unconscionable. We disagree. The NDA's exclusive judicial relief provision was never incorporated into the arbitration agreement. The NDA never references arbitration, and, as discussed, the arbitration agreement has a merger clause which provides that the agreement fully supersedes any and all prior agreements, including the NDA. To the extent the NDA survives the merger clause, any conflict with the arbitration agreement must

---

[3]     We note that on appeal, there is no dispute that all of FCM's claims against Lane are encompassed by the arbitration agreement.

11

be resolved in favor of the arbitration agreement. As the arbitration agreement contains no carve-out for claims related to FCM's trade secrets, the NDA's judicial relief provision must give way to the mandatory arbitration provision in the arbitration agreement. In short, the judicial relief provision in the NDA does not preclude arbitration of FCM's claims against Lane.

2. *The Prevailing Party Fee Provision in the Arbitration Agreement does not Prohibit the AAA from Arbitrating the Dispute*

In the arbitration agreement, the parties agreed that "[i]f either party prevails on a statutory claim which affords the prevailing party their attorney[] fees or where there is a written agreement providing for such fees, the arbitrator may award reasonable attorney[] fees to the prevailing party. The arbitrator shall have the authority to award any damages or remedies authorized by law, including, without limitation, costs and attorney[] fees." In the NDA, Lane agreed that "the prevailing party or parties in any proceeding in equity or at law commenced in respect to this Agreement [s]hall be entitled to recover from the other party or parties to such proceeding all reasonable fees, costs and expenses (including reasonable fees and disbursements of counsel) incurred in connection with such proceeding and any appeals therefrom." The trial court found that under section 1284.3, subdivision (a), the prevailing party fee provision in both the arbitration agreement and the NDA precluded the AAA from accepting FCM's arbitration demand. We conclude that the fee provision in the arbitration agreement would not prohibit the AAA from administering the arbitration under section 1284.3. Although the mandatory prevailing party fee provision in the NDA may run afoul of section 1284.3, it is the discretionary prevailing party fee provision in the arbitration agreement that controls.

12

Section 1284.3, subdivision (a) provides: "No neutral arbitrator or private arbitration company shall administer a consumer arbitration under any agreement or rule requiring that a consumer who is a party to the arbitration pay the fees and costs incurred by an opposing party if the consumer does not prevail in the arbitration, including, but not limited to, the fees and costs of the arbitrator, provider organization, attorney, or witnesses." Although we have found no case applying section 1284.3 to arbitrations between employers and employees, we conclude that it is applicable to certain employment arbitrations. We find guidance in California Rules of Court, Ethics Standard for Neutral Arbitrators, promulgated pursuant to legislative authorization in section 1281.85. Under Standard 2, subdivision (d), a "[c]onsumer arbitration" is defined as "an arbitration conducted under a predispute arbitration provision contained in a contract," where (1) the contract is with a "consumer party"; (2) the contract was drafted on behalf of the nonconsumer party; and (3) the consumer party was required to accept the arbitration provision in the contract. Under Standard 2, subdivision (e), a "consumer party" includes "[a]n employee or an applicant for employment in a dispute arising out of or relating to the employee's employment or the applicant's prospective employment that is subject to the arbitration agreement." Thus, section 1284.3 prohibits a neutral or private arbitration company from administering certain employment arbitrations where the employee is required to pay the fees and costs incurred by the employer if the employer prevails.

Under the NDA, either party is entitled to fees and costs if the party prevails in "any proceeding in equity or at law" commenced in respect to the NDA. Although the provision appears immediately after expressly referring to court actions, it is not unreasonable to interpret the provision as applying to both court actions and arbitrations. If the mandatory fee provision is applied in an

13

employment arbitration, section 1284.3, subdivision (a) would prohibit the AAA (or any neutral arbitrator or private arbitration company) from administrating an arbitration pursuant to the NDA.

Nevertheless, the instant dispute may be arbitrated, as the mandatory prevailing fee provision in the NDA is inapplicable to this arbitration under two independent rationales. First, as noted above, FCM seeks arbitration of its breach of the NDA claim, its common law claims, and its statutory claims against Lane pursuant to the arbitration agreement. That agreement has no mandatory prevailing party fee provision. Rather, the arbitration agreement provides that "[i]f either party prevails on a statutory claim which affords the prevailing party their attorney[] fees or where there is a written agreement providing for such fees, the arbitrator *may* award reasonable attorney[] fees to the prevailing party." (Italics added.) The arbitration agreement also provides that the arbitrator may award fees and costs only if authorized by law. Thus, to the extent the NDA's mandatory fee provision runs afoul of California law, the arbitration agreement never incorporated it.

Moreover, FCM has consistently argued that the NDA's mandatory fee provision is inapplicable to its arbitration against Lane. While disagreeing with the AAA's contrary interpretation, FCM has agreed to expressly waive the NDA's mandatory fee provision. On appeal, FCM has reaffirmed its waiver.[4]

Second, even were the NDA's mandatory prevailing fee provision incorporated in the arbitration agreement, the provision is severable. The arbitration agreement contains a severability clause, which provides that "[s]hould any provision or term or part of a provision or term, of this Agreement be declared

---

[4] As FCM has waived the prevailing party fee provision in the NDA, we need not address its alternative argument that the FAA preempts section 1284.3.

14

or determined by any court or arbitrator to be illegal or invalid, the validity of the remaining parts, provisions or terms shall not be affected thereby and said illegal or invalid part, provision or term shall not be deemed to be a part of this Agreement." We discern no reason not to sever the NDA's mandatory fee provision. The arbitration agreement's reference to a "written agreement providing for . . . fees," impliedly referring to the NDA, may be severed without affecting the remainder of the agreement, as the arbitration agreement has its own fee provision. (See *Armendariz*, *supra*, 24 Cal.4th at p. 124 ["If the illegality is collateral to the main purpose of the contract, and the illegal provision can be extirpated from the contract by means of severance and restriction, then such severance or restriction are appropriate."].)

Additionally, the arbitration agreement is not permeated with illegality or defects. (See *Armendariz*, *supra*, 24 Cal.4th at p. 124 [court may refuse to enforce agreement permeated with unconscionability].) Absent the incorporation of the NDA's mandatory fee provision, the arbitration agreement is not unconscionable, and we have enforced it in our prior decision. (See *Lane v. Francis Capital Management*, *LLC*, *supra*, 224 Cal.App.4th at p. 693.) Indeed, a provision authorizing a discretionary award of fees to a party that prevails on an arbitrated trade secrets claim is codified in the California Uniform Trade Secrets Act, Civil Code section 3426 et seq. (See Civ. Code, § 3426.4 ["If a claim of misappropriation [of trade secrets] is made in bad faith, a motion to terminate an injunction is made or resisted in bad faith, or willful and malicious misappropriation exists, the court may award reasonable attorney's fees and costs to the prevailing party. Recoverable costs hereunder shall include a reasonable sum to cover the services of expert witnesses, who are not regular employees of any party, actually incurred and reasonably necessary in either, or both, preparation

15

for trial or arbitration, or during trial or arbitration, of the case by the prevailing party."].) In short, the NDA's mandatory prevailing party fee provision may be severed from the arbitration agreement. As modified, the arbitration agreement no longer contains the mandatory fee provision disagreeable to the AAA. In light of our construction of the controlling agreement, no dual waiver was required, and we have no basis to assume the AAA will refuse to accept arbitration in this matter.

In sum, we conclude that FCM's claims are arbitrable, and no legal bar prohibits the AAA from accepting the arbitration. We note that Lane would not be precluded from challenging the validity of the NDA during arbitration. Thus, we reverse the trial court's order denying FCM's motion to compel arbitration and to appoint an arbitrator. We remand the matter to the court to enter an order granting FCM's motion to compel Lane to submit to arbitration of FCM's claims.

## DISPOSITION

The judgment is reversed; the matter is remanded for further proceedings in light of this opinion. Appellant is entitled to its costs on appeal.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.**

MANELLA, J.

We concur:

EPSTEIN, P. J.                           WILLHITE, J.

16